Dana OGLESBY, Plaintiff-Appellant, Cross-Appellee,

v.

RCA CORPORATION, Defendant-Appellee, Cross-Appellant.

Nos. 83–2682, 83–2716.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1984.

Decided Jan. 2, 1985.

274

David R. Hennessy, Steckler Law Offices, Indianapolis, Ind., for plaintiff-appellant, cross-appellee.

Peyton T. Hairston, Jr., Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant-appellee, cross-appellant.

Before BAUER, Circuit Judge, PELL, Senior Circuit Judge, and DUPREE, Senior District Judge *.

DUPREE, Senior District Judge.

In this action filed originally in the Marion County, Indiana Superior Court on April 27, 1983, plaintiff, Dana Oglesby, sought recovery of damages resulting from the termination of his employment by defendant, RCA Corporation, approximately twenty-two months earlier. Pursuant to 28 U.S.C. § 1441 the case was promptly removed by defendant to the United States District Court for the Southern District of Indiana upon allegations that plaintiff's alleged causes of action arose under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Shortly thereafter plaintiff's motion to remand was denied, defendant's motion for summary judgment was allowed and judgment of dismissal was entered from which plaintiff brought this appeal. Defendant cross-appeals from the denial of its request for an award of attorney's fees pursuant to 28 U.S.C. § 1927. We affirm.

* The Honorable F.T. Dupree, Jr., Senior District Judge of the Eastern District of North Carolina, is sitting by designation.

**PLAINTIFF'S APPEAL**

In the first and second counts of his three-count complaint plaintiff alleged in substance that defendant discharged him for refusing to perform an assigned task for which he had not been furnished tools and protective clothing as required by regulations promulgated under the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 654; 29 C.F.R. 1910.132. In the third count it was alleged in substance that plaintiff was discharged in retaliation for having asserted "his statutory rights and privileges." In each count it was alleged that defendant's actions were "intentional, egregious, and exhibited reckless disregard" and that plaintiff had been caused to suffer "loss of wages and other benefits." Actual and punitive damages were sought.

There was no mention in plaintiff's complaint of his membership in a labor union or of a collective bargaining agreement, but in defendant's petition for removal it was alleged that defendant was an employer in an industry affecting commerce; that the terms and conditions of plaintiff's employment were governed by a collective bargaining agreement between RCA and International Brotherhood of Electrical Workers, Local No. 1048; that plaintiff's action was for alleged wrongful discharge; and that since defendant's right to discharge an employee is limited by the agreement to termination for "just cause," the action is in fact "an action by Plaintiff for alleged violation of said agreement." In his motion to remand plaintiff confirmed that RCA was an employer engaged in an industry affecting commerce; that it had a collective bargaining agreement with the union as alleged and that plaintiff was a member of the union. But, protested plaintiff, he is not suing on a contract theory but "on a tort theory for the breach of a statutory duty which caused the plaintiff to refuse an assigned task which resulted in termination of his employment."

The district court, adopting RCA's position that the action was in fact one for wrongful discharge governed by Section 301, LMRA, held that it had been properly removed, and applying the six-month statute of limitations held applicable in such cases in *Del Costello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), granted defendant's motion for summary judgment and dismissed the action. Plaintiff concedes that if the action was properly removed, this latter ruling was correct, and so the only issue raised by plaintiff's appeal is whether the district court erred in denying plaintiff's motion to remand the case to the state court.

■ Under 28 U.S.C. § 1441 any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court for the district and division embracing the place where such action is pending, and where the action is founded on a claim or right arising under the Constitution or laws of the United States it is removable without regard to the citizenship or residence of the parties. To bring a case within the statute the claim or right created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action and the subject of a genuine and present controversy. Moreover, the controversy must be revealed in the complaint unaided by the answer or petition for removal. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112–114, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *Jones v. General Tire & Rubber Company*, 541 F.2d 660, 664 (7th Cir.1976).

If given a literal construction these rules would allow a plaintiff to exercise a veto over a defendant's right of removal by the simple expedient of omitting from his complaint direct reference to those essential elements and indicia of his claim which would serve to identify it as one grounded in federal law. To avoid such result the courts have developed the "artful pleading" doctrine.

[T]he federal claim must generally appear on the face of the complaint, unaided by any other pleadings, including a removal petition. *E.g., Arkansas v. Kansas & Texas Coal Co.*, 183 U.S. 185, 188, 22 S.Ct. 47, 48, 46 L.Ed. 144 (1901). *American Invs-Co. Countryside, Inc. v. Riverdale Bank*, 596 F.2d 211, 216 (7th Cir.1979). A qualification of this so-called "well-pleaded complaint" rule for determining jurisdiction is that a plaintiff may not deny a defendant his right to a federal forum by artfully disguising an essentially federal law claim in terms of state law.

*Nuclear Engineering Company, Inc. v. Scott*, 660 F.2d 241, 249 (7th Cir.1981), *cert. denied sub. nom, Nuclear Engineering Company, Inc. v. Fahner*, 455 U.S. 993, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982).

The plaintiff here leaves us with little doubt that he was striving assiduously to allege his claims in terms of state law in order to avoid the certain bar of his federal claims by the statute of limitations.

There is no fraud or attempt to avoid the federal forum present in the instant case. In fact, the plaintiff-appellant-cross-appellee had precluded himself from the federal forum long before the commencement of this suit by missing time limitations and mandatory actions requisite to federal suit litigating his termination. (Plaintiff's Brief, p. 15)

In the instant case, the plaintiff-appellant-cross-appellee guilelessly plead his complaint and made his allegations in the state court. He intentionally and with forethought did not plead and did not allege the breach or violation of a collective bargaining agreement. Such was not the case and such is not at issue. (Plaintiff's Brief, p. 17).

It is true that plaintiff's complaint never mentions a collective bargaining agreement, but all of defendant's wrongs complained of have their origin in the alleged violation by RCA of the OSHA law and regulations. Nowhere in the complaint is there an allegation that plaintiff suffered physical or emotional harm as a result of

any of these alleged violations, nor is there any reference to a cause of action grounded on Indiana law.[1] Instead, the gravamen of each count is that plaintiff was fired without just cause, first because he refused to perform an assigned task in order to avoid exposure to a hazard unlawfully maintained in violation of OSHA regulations and second, because he asserted his rights under the OSHA laws and regulations.[2]

We agree with the district court, therefore, that plaintiff has simply alleged a cause of action for wrongful discharge and if shown to be in violation of a collective bargaining agreement subject to Section 301, LMRA, the action arises under federal law and the fact that it was not characterized in the complaint as a federal claim is not determinative. *Jones v. General Tire & Rubber Company*, 541 F.2d 660, 664 (7th Cir.1976); *American Synthetic Rubber Corporation v. Louisville and Nashville Railroad Company*, 291 F.Supp. 723 (W.D.Ken.1968), *reversed on other grounds*, 422 F.2d 462 (6th Cir.1970). Nor

will a disclaimer by plaintiff of any right to recover under a collective bargaining agreement defeat removal. *Sheeran v. General Electric Company*, 593 F.2d 93 (9th Cir.), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). And where the pre-emptive effect of federal legislation is so complete as to exclude from application all state law on the subject, a case is removable regardless of the manner in which it has been alleged in the state court. *Avco Corporation v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), as explained in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, ——, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983).

> If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court necessarily must look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.

14 Wright, Miller & Cooper, Federal Practice and Procedure § 3722 at 567–69 (1976).[3]

---

**1.** In his reply brief (page 22) plaintiff for the first time makes vague reference to a cause of action based on negligent breach of duty by RCA under the OSHA statutes, but if the only injury ascribed to the breach of duty was the wrongful termination of plaintiff's employment, plaintiff's actual damages would be the same regardless of whether the breach was negligent or intentional. The question of whether an employee subject to a union collective bargaining agreement can sue for retaliatory discharge under Indiana law has apparently not been addressed by the courts of that state. *Jackson v. Consolidated Rail Corporation*, 717 F.2d 1045, 1053 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

In a letter filed with the court pursuant to Circuit Rule 11 at the time of oral argument plaintiff called attention to certain Indiana statutes which constitute a counterpart to OSHA regulations, Indiana Code § 22–8–1.1–1, *et seq.*, West's Ann.Ind.Code (1981), but plaintiff continually ignores the fact that he has not sued for a breach of any safety and health regulations, state or federal, resulting in any injury to him. He has simply sued for damages for his wrongful discharge allegedly motivated by his complaints that defendant was violating OSHA regulations—in short, that he was discharged without just cause.

**2.** If plaintiff's cause of action be construed strictly as one for retaliatory discharge for exercising his rights under OSHA, he was required by 29 U.S.C. § 660 to file a complaint with the Secretary of Labor within thirty days after the alleged violation and to follow the procedure outlined in that statute. *See Marshall v. N.L. Industries, Inc.*, 618 F.2d 1220 (7th Cir.1980). He did not choose to do so, but if he had, and if it be assumed that such cause of action would have been cognizable in a state court, it would have been grounded squarely on federal law and therefore removable by defendant as a matter of right. 28 U.S.C. § 1441.

**3.** By contrast, where the right sought to be vindicated in a state court is based on a claim rooted in state policy which in no way conflicts with federal labor law policy, the action is not removable. *See Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367 (9th Cir.1984) (employee discharged for registering a complaint against employer's requirement that he deliver contaminated milk stated a cause of action in tort under state law by alleging his discharge was contrary to the public policy of California and the action was held not removable). *See also Eure v. NVF Company*, 481 F.Supp. 639, 643 (E.D.N.C.1979) (where in the absence of a prior judicial finding of pre-emption of the North Carolina Tender Offer Disclosure Act, N.C.G.S. § 78B–1, *et seq.*,

 The situation referred to by these authors is exactly the same as the one we have here. It is settled law that all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law, *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957), and while state courts are not deprived of jurisdiction in such cases, *Charles Dowd Box Company, Inc. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), in exercising their jurisdiction state courts are bound to apply only federal law, *Teamsters Local 174 v. Lucas Flour Company*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). The state law in cases necessarily rooted in Section 301, LMRA has been completely pre-empted. *Avco v. Aero Lodge No. 735, supra.*

 Since such cases, regardless of where instituted or how they are styled, arise under the laws of the United States, they are removable to federal court under 28 U.S.C. § 1441. *Olguin v. Inspiration Consolidated Copper Company*, 740 F.2d 1468 (9th Cir.1984); *Eitmann v. New Orleans Public Service, Inc.*, 730 F.2d 359 (5th Cir.1984); *Fisher v. CPC International, Inc.*, 591 F.Supp. 228 (W.D.Mo.1984).[4]

Notwithstanding plaintiff's "guileless" attempt to allege a state cause of action

the district court held that the complaint stated a cause of action under Section 301, LMRA, a finding which necessarily involved examination of pleadings other than the complaint, and therefore seemingly at odds with the requirement imposed by *Gully v. First National Bank, supra*, that inquiry be confined to the complaint alone unaided by allegations of the answer or removal petition.[5] Thus there remains the question of the extent to which the court, notwithstanding the rule in *Gully*, may consider pleadings other than plaintiff's complaint to determine the true nature of plaintiff's claim. Here the "artful pleading" doctrine comes into play.

An exception to the rule limiting the court's examination to the face of the complaint arises in cases in which plaintiff seeks to conceal the federal nature of his claim by fraud or obfuscation. Although the court is not free to second-guess the plaintiff's chosen form of pleading, it is entitled to assure itself that the plaintiff has not by "artful pleading" sought to defeat defendant's right to a federal forum. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981); *see* Wright, Miller & Cooper, *supra*, § 3722, at 564. In those circumstances, it is proper for the court to

by the Williams Act, 15 U.S.C. § 78l(i), *et seq.*, an action brought pursuant to the North Carolina Act was held not to be removable).

4. *People of Illinois v. Kerr-McGee Chemical Corporation*, 677 F.2d 571 (7th Cir.), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982), cited and relied on by plaintiff, is not to the contrary. That case involved the Atomic Energy Act of 1954, 42 U.S.C. §§ 2011, *et seq.*, which had never been held to pre-empt state pollution control laws of the kind on which plaintiff had brought its state court action; the plaintiff had not relied upon or even alluded to federal statutes or case law; and there was no basis for concluding that the plaintiff had artfully drafted its complaint in order to defeat removal. By contrast the field of labor law here involved has been completely pre-empted by federal law; plaintiff's complaint purports to be based on defendant's violation of OSHA statutes and regulations; and by his own admission plaintiff was artfully attempting to avoid alleging a federal cause of action and thus avert the

certain bar of his claim by the statute of limitations. It is true that *Kerr-McGee* held that pre-emption is ordinarily a defense to be alleged and proved in the state court action and will not support removal, but Judge Sprecher, citing *Avco*, recognized that Section 301 labor cases constituted an exception to the rule. *Id.* at 577 n. 10. His concerns there expressed as to the continued viability of *Avco* have now been allayed by the Supreme Court in *Franchise Tax Board v. Construction Laborers Vacation Trust, supra.*

5. "There is a paradox in insisting on a genuine and present controversy when the court is allowed to look only at the complaint. In the words of two distinguished commentors: 'How this magic can be performed still remains a mystery of the judicial process.'" 13B Wright, Miller & Cooper, Federal Practice and Procedure § 3562 at 39 (1984). *See American Invs-Co. Countryside, Inc. v. Riverdale Bank,* 596 F.2d 211, 216 (7th Cir.1979).

examine the record to determine if the real nature of the claim is federal, notwithstanding plaintiff's characterization to the contrary.

*Salveson v. Western States Bankcard Association,* 525 F.Supp. 566, 572 (N.D.Cal. 1981).

As Judge Weinstein said in *In Re Wiring Device Antitrust Litigation,* 498 F.Supp. 79, 82 (E.D.N.Y.1980):

A federal court need not blind itself to the real gravamen of a claim because plaintiff tenders a blindfold in the form of artificial characterizations in its complaint.

In applying this exception to the *Gully* rule in Section 301 cases the courts have not hesitated to look to the removal petition to ascertain if a state court complaint has artfully omitted pleading facts essential to show the federal nature of plaintiff's claim. *Olguin v. Inspiration Consolidated Copper Company, supra; Eitmann v. New Orleans Public Service, Inc., supra; Avco Corporation v. Aero Lodge No. 735,* 376 F.2d 337 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Johnson v. England,* 356 F.2d 44 (9th Cir.1966), *cert. denied,* 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966); *George D. Roper Corporation v. Local Union No. 16,* 279 F.Supp. 717 (S.D.Ohio 1968); *Katz v. Architectural & Engineering Guild, Local 66,* 263 F.Supp. 222 (S.D.N.Y.1966); *Old Dutch Farms, Inc. v. Milk Drivers and Dairy Employees Union Local 584,* 222 F.Supp. 125 (E.D.N.Y.1963); *Central Metal Products, Inc. v. International Union,* 195 F.Supp. 70 (E.D.Ark.1961). *Contra: Carroll Construction Company v. Reneau,* 279 F.Supp. 715 (N.D.Fla.1968).

■ We hold, therefore, that it was entirely proper for the district court to look to the removal petition to ascertain the facts concerning plaintiff's membership in the union, the collective bargaining agreement and the interstate character of defendant's business as well as to plaintiff's motion to remand in which these essential facts were admitted. *Jones v. General Tire & Rubber Company,* 541 F.2d 660, 662 (7th Cir.1976). Having done so, it followed ineluctably that plaintiff's claim arose under federal law, Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which law pre-empts state law; that the action was therefore properly removed to federal court; and that since the action was clearly barred by the six-month statute of limitations, *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), defendant's motion for summary judgment was properly allowed.

## DEFENDANT'S APPEAL

The defendant's cross-appeal challenges the denial by the district court of defendant's request for the assessment of attorney's fees against plaintiff and his attorney pursuant to 28 U.S.C. § 1927.[6] The issue was not presented by formal motion in the district court but was simply incorporated in the "conclusion" in defendant's memorandum of law filed in opposition to plaintiff's motion to remand the case to the state court.[7]

■ In neither the court's original order dated August 5, 1983 which allowed defendant's motion for summary judgment

---

**6.** 28 U.S.C. § 1927. *Counsel's liability for excessive costs.*

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

**7.** "Based on the foregoing, this action is properly before this Court and should not be remand-

ed to Marion County Superior Court. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's motion for remand, award Defendant its costs in this action, and grant Defendant all further proper relief in the premises, including attorneys' fees incurred as a result of Plaintiff's counsel's conduct in multiplying these proceedings unreasonably and vexatiously as allowed under 28 U.S.C. § 1927." Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Remand, p. 5.

and denied plaintiff's motion to remand nor in the final judgment of dismissal entered August 23, 1983 is there any mention of attorneys' fees, but the district court addressed the "request" for attorneys' fees in defendant's brief in a "memorandum entry" made coincident with the entry of final judgment as follows:

> The court finds that the plaintiff's counsel has not filed any unwarranted or unjustified pleadings and that plaintiff's counsel has not acted in bad faith. Therefore, the court will not require plaintiff's counsel to pay defendant's attorneys' fees.

Assuming without deciding that the issue is properly before us on appeal, we find nothing in the record to indicate that these findings are clearly erroneous or that the district court abused its discretion in denying defendant's request for attorneys' fees. The court's ruling on the Section 1927 issue will therefore not be disturbed. *See Reid v. United States,* 715 F.2d 1148, 1154 (7th Cir.1983); *Overnite Transportation Company v. Chicago Industrial Tire Company,* 697 F.2d 789, 794–795 (7th Cir.1983).[8]

█ In this court defendant has also asked for the assessment of attorneys' fees against plaintiff's attorney under Rule 38, F.R.App.P., which reads:

### Rule 38. Damages for Delay

If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.

Here the defendant is on somewhat sounder ground, but again we conclude that the record does not warrant the imposition of attorneys' fees under this rule.

Following the entry of the judgment of dismissal in the district court plaintiff's attorney seems to have considered his services in the case at an end, but he filed over his signature, presumably at the request of the plaintiff (and perhaps, also, to protect himself), a notice of appeal to this court on September 15, 1983 coincident with which plaintiff filed an affidavit of indigency and requested that counsel be appointed to represent him on appeal. At that point plaintiff's attorney, apparently considering that he was out of the case, took no further action, but five days later defendant filed its notice of cross-appeal "with respect to that portion of the judgment denying its petition for attorneys' fees". Obviously realizing that he was personally going to be the target of this cross-appeal, plaintiff's attorney then sought and was granted leave to re-enter the case and represent the plaintiff on appeal thus mooting plaintiff's request for the appointment of counsel. Thereafter the two appeals were consolidated and proceeded normally through the briefing stage to oral argument.

The standards by which a frivolous appeal are judged are well settled in this circuit.

> Thus, the appellate court in order to award damages [under Rule 38] makes two determinations. First, it must determine that the appeal is frivolous.... Second, the appellate court, in its discretion, must examine whether the appeal is an appropriate one for the imposition of a sanction. "[D]amages are awarded by the court in its discretion in the case of a frivolous appeal as a matter of justice to the appellee and as a penalty against the appellant." Advisory Committee Note to Rule 38, 43 F.R.D. 155 (1968). Typically

---

**8.** For examples of the kinds of attorney conduct which will support a finding of bad faith, willful abuse of the judicial process or unreasonable and vexatious multiplication of proceedings *see Wang v. Gordon,* 715 F.2d 1187 (7th Cir.1983); *Analytica v. NPD Research, Inc.,* 708 F.2d 1263 (7th Cir.1983); *McCandless v. Great Atlantic A & P Tea Company, Inc.,* 697 F.2d 198 (7th Cir. 1983); *Maneikis v. Jordan,* 678 F.2d 720 (7th Cir.), *cert. denied,* 459 U.S. 990, 103 S.Ct. 346, 74

L.Ed.2d 386 (1982); *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163 (7th Cir.1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969); *Fisher v. CPC International, Inc.,* 591 F.Supp. 228 (W.D.Mo.1984); *Taylor v. Belger Cartage Service, Inc.,* 102 F.R.D. 172 (W.D.Mo. 1984).

For an example of party conduct warranting imposition of attorney's fees *see Ruderer v. Fines,* 614 F.2d 1128 (7th Cir.1980).

the courts have looked for some indication of the appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for the purpose of delay or harassment or out of sheer obstinacy.

*Ruderer v. Fines,* 614 F.2d 1128, 1132 (7th Cir.1980).

And as Judge Pell said in *N.L.R.B. v. Lucy Ellen Candy Division,* 517 F.2d 551, 555 (7th Cir.1975):

[I]f we were to accede to the request that a Rule 38 penalty be assessed, we would be, in our opinion, determining in effect that the Company had undertaken the present litigation in bad faith measured on a reasonable and objective basis. A frivolous appeal means something more to us that an unsuccessful appeal. We will grant that law may become so clear and well established that persistence in a course could be determinative of bad faith. We simply are saying that we are not so persuaded in the present case. We also bear in mind that notwithstanding the overburdened condition in which the courts now find themselves we would not desire to take action which could become the basis of chilling the assertion of rights reasonably held in good faith by virtue of imposing a penalty because of a failure to prevail in the litigation.

And so it is here. While we have found plaintiff's appeal lacking in merit, we are unable to find, measured on a reasonable and objective basis, that it was undertaken in bad faith. Accordingly, defendant's motion for the assessment of attorneys' fees under Rule 38 is denied.

The judgments and orders appealed from are in all respects affirmed.

AFFIRMED.