**ZACK COMPANY, an Illinois corporation, Petitioner,**

v.

**Albert T. HOWARD and Sharon L. Marello, Respondents.**

No. 86 C 7625.

United States District Court, N.D. Illinois, E.D.

March 10, 1987.

Joel T. Pelz, Joseph G. Bisceglia, Jenner & Block, Chicago, Ill., for petitioner.

Sandra Van DeKauter, Harvey L. Walner & Associates, Ltd., Chicago, Ill., for respondents.

## MEMORDANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Plaintiffs Albert Howard and Sharon Marello brought this action against defendant Zack Company alleging that they were wrongfully discharged from their jobs in retaliation for notifying authorities of safety irregularities at a nuclear plant site where defendant was a subcontractor. Plaintiffs originally filed their complaint in state court. Defendant removed the case to this court, claiming that plaintiffs' allegations were preempted by federal law, giving this court exclusive jurisdiction over the claims asserted. Presently before the court are defendant's motion to dismiss and plaintiffs' motion to remand. For the reasons stated below, this case is remanded to the state court.

### Facts

Plaintiffs were employed by defendant, a heating, airconditioning and ventilation company which had subcontracted to work on several nuclear plant sites. Plaintiffs were hired as document control workers in a federally-mandated quality assurance program to monitor compliance with federal safety regulations. Plaintiffs became aware that defendant was not in compliance with certain quality assurance and document control requirements and notified a utility which was a licensee of the plant of these irregularities. Plaintiffs claim that they were intimidated, harrassed, and ultimately discharged for calling attention to the violations and for threatening to make formal allegations of irregularities to federal authorities. After pursuing their safety-related claims before the Nuclear Regulatory Commission, plaintiffs brought this suit in state court seeking compensatory and punitive damages for retaliatory discharge under Illinois state law.

Defendant removed the case to this court on the basis of federal question jurisdiction, claiming that federal law is an indispensible element of the complaint and that plaintiffs' claims are preempted by the Energy Reorganization Act, 42 U.S.C. §§ 5801, *et seq.* That Act contains a "whistleblower" section which provides a comprehensive federal remedy for employees in the nuclear industry who are wrongfully discharged for reporting safety violations. 42 U.S.C. § 5851. Defendant has now moved to dismiss on the basis that plaintiffs' claims were not timely under the 30-day limitations period set out in 42 U.S.C. § 5851. Plaintiffs have moved to remand the case to state court, arguing that 42 U.S.C. § 5851 does not preempt their state law claims for retaliatory discharge and that those claims should be allowed to proceed in their own chosen forum.

### Discussion

Under 28 U.S.C. § 1441(a) and (b), a defendant may remove a civil action brought in state court to federal court if the action is founded on a claim "arising under" federal law or if the defendant is not a citizen of the state where the action was brought. Removal jurisdiction is thus tied in to the federal court's original jurisdiction over federal question and diversity suits. 28 U.S.C. § 1331, 1332. The general rule is that a case can be removed from state court only if the federal court would have had original jurisdiction over the action had it been brought there initially. *Arkansas v. Kansas & Texas Coal Co.*, 183 U.S. 185, 189, 22 S.Ct. 47, 48, 46 L.Ed. 144 (1901). Because there is no diversity of citizenship between plaintiffs and defendant, this court need examine only whether the claims asserted are removable as "arising under" federal law.

■ The starting principle for determining whether claims arise under federal law is that the existence of a federal question must appear on the face of the complaint. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson,* —— U.S. ——, 106 S.Ct. 3229, 3332, 92 L.Ed.2d 650 (1986); *Franchise Tax Board v. Construction Laborers Va-*

*cation Trust,* 463 U.S. 1, 9–10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); *Phillips Petroleum Co. v. Texaco, Inc.,* 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974); *Nuclear Engineering Co. v. Scott,* 660 F.2d 241, 249 (7th Cir.1981). Thus, a defendant's assertion of federal law in the pleadings or in the petition for removal does not in itself create a federal question. *Phillips Petroleum Co., supra* 415 U.S. at 127–28, 94 S.Ct. at 1003–04; *Kansas & Texas Coal Co., supra* 183 U.S. at 188, 22 S.Ct. at 48; *Nuclear Engineering, supra* at 249.

■ The next principle is that the party who brings a suit is "master" to decide what law he will rely on. *Franchise Tax Board, supra* 463 U.S. at 22, 103 S.Ct. at 2852. Thus, a plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court. *See Pan American Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 663, 81 S.Ct. 1303, 1307, 6 L.Ed.2d 584 (1961); *Great Northern Railway Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Jones v. General Tire and Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976). Although a defendant is entitled to have a case removed to federal court if the plaintiff is attempting to avoid having an essentially federal claim adjudicated in a federal forum merely by artfully drafting the complaint in terms of state law, *see Nuclear Engineering, supra* at 249; *Jones, supra* at 664, the federal question must be an essential element of the complaint to provide grounds for removal. *Phillips Petroleum, supra* 415 U.S. at 127, 94 S.Ct. at 1003; *Nuclear Engineering, supra* at 249; *Jones, supra* at 664. Indeed, the Supreme Court has stated that

> it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Franchise Tax Board, supra* 463 U.S. at 14, 103 S.Ct. at 2848.

■ A final principle to be considered is that the removal statute should be construed narrowly and all doubts should be resolved against removal. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Kansas & Texas Coal Co., supra* 183 U.S. at 188, 22 S.Ct. at 48. As the Seventh Circuit has observed, the Supreme Court has been loathe to expand the federal court's removal jurisdiction and has continually refused to recognize exceptions to the general principles discussed above. *People of State of Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982) (noting that almost all Supreme Court decisions expounding the law of removal have been in the context of holding that removal was unwarranted, and citing numerous cases).

Both plaintiffs and defendant in this case have extensively briefed the question whether 42 U.S.C. § 5851 preempts state tort law claims for retaliatory discharge. However, under the decision of the Seventh Circuit in *Kerr-McGee, supra,* this court need not reach the question of preemption in order to decide whether this case was properly removed to this court.

In *Kerr-McGee,* the State of Illinois filed a complaint against Kerr-McGee in state court, alleging that Kerr-McGee's operation and maintenance of a factory and waste disposal site violated various Illinois statutes pertaining to the disposal of hazardous wastes. Kerr-McGee removed the suit to this court on the ground that the complaint raised a federal question, and the state moved for remand. This court found that the federal regulatory scheme under the Atomic Energy Act, 42 U.S.C. §§ 2011 *et seq.,* had preempted all state regulation of radioactive waste disposal. Since the complaint necessarily involved the interpretation of federal law, this court held that the case was properly removed. *Kerr-McGee* subsequently moved to dismiss, and this court granted the motion, finding that federal law conferred exclusive jurisdiction

on the Nuclear Regulatory Commission to regulate radiation hazards and thus preempted state and local legislative and administrative regulatory schemes.

On appeal, the Seventh Circuit held that because the complaint pleaded only state causes of action, it did not raise a federal question justifying removal to federal court. The court declined to address the question of preemption, finding no basis for concluding that the state had "artfully drafted" its complaint in order to defeat removal. *Id.* at 577. The court observed that nowhere in its complaint did the state rely on or even allude to federal statutes or caselaw. *Id.*

 Although plaintiffs' complaint in this case does make some mention of federal law, the reference to 42 U.S.C. § 5851 is solely for the purpose of identifying the statutory basis for the federally-mandated quality assurance program in which plaintiffs were employed and under which defendant was required to meet certain standards. The complaint as drafted makes clear that plaintiffs' claims are for retaliatory discharge under state law and do not arise under the federal "whistleblower" statute. Actions for retaliatory discharge, while not grounded in any state statutory scheme, have expressly been recognized by the Illinois Supreme Court on public policy grounds. *See Palmateer v. International Harvester Co*, 85 Ill.2d 124, 52 Ill.Dec. 13, 421 N.E.2d 876 (1981). Following the decisions in *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) and *Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), where the Supreme Court indicated that federal preemption in the nuclear area was not complete, the Illinois Supreme Court has recognized a cause of action for the wrongful discharge of a nuclear worker despite the availability of a federal remedy under the Energy Reorganization Act. *See Wheeler v. Caterpillar Tractor Co.,* 108 Ill.2d 502, 92 Ill. Dec. 561, 485 N.E.2d 372 (1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1641, 90 L.Ed.2d 187 (1986). In these circumstances, this court cannot conclude that plaintiffs have artfully drafted their complaint in a disingenuous attempt to defeat removal. *Cf. Oglesby v. RCA Corp.,* 752 F.2d 272, 277 (7th Cir.1985) (characterizing as "guileless" plaintiff's attempt to allege a state cause of action where claim was clearly one exclusively under federal labor relations law); *Jones, supra* at 664.

 Even assuming that this case *was* one of purely artful drafting, as defendant seems to suggest, that still would not necessarily constitute a basis for the exercise of this court's removal jurisdiction. In this case, just as in *Kerr-McGee,* defendant finds itself in the anomalous position of arguing both that the case was properly removed to federal court and that federal law governing the nuclear issues involved in the case has completely preempted the state law at issue, placing exclusive jurisdiction in this court. This position is inherently untenable because removal jurisdiction is purely derivative—that is, a case can be removed to federal court only if it was properly before the state court in the first instance. *Kerr-McGee, supra* at 575. Thus, if the state court lacks jurisdiction over the subject matter, the federal court is unable to acquire jurisdiction on removal— even if the case could properly have been brought in federal court in the first place. *See Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); *Kerr-McGee, supra* at 575; *Reid v. United States,* 715 F.2d 1148, 1153 (7th Cir.1983). Thus, in this case, as in *Kerr-McGee,* assuming that defendant is correct in its assertion that the case was properly removed to federal court, it must be that the state court had jurisdiction and state law has not been preempted. If, on the other hand, state law *has* been preempted, then the case must never have been properly before the state court, and this court cannot acquire jurisdiction on removal. *Kerr-McGee, supra* at 576 n. 6. Although this is a troublesome, and perhaps unintended, consequence of the rule, it is a well-recognized one, and as, the Seventh Circuit has noted, "the rule is so well-entrenched now that it would take legislative action to dis-

lodge it." *Id.* at 575. *See also Reid, supra* at 1154; *Crowel v. Administrator of Veterans Affairs,* 699 F.2d 347, 350 (7th Cir.1983). Here, however, as in *Kerr-McGee,* because this court finds it unnecessary to reach the issue of preemption, "we are able to avoid this tangled web of legal casuistry." *Id.* at 576 n. 6.

■ Defendant's contention that this case is properly before this court can, therefore, stand only if this court accepts the argument that, by raising the issue of preemption, defendant has created a federal question that must be decided in this court, notwithstanding the fact that the claims in the complaint are, at least facially, state law claims. Defendant seems to be arguing that preemption is somehow different from defenses strictly on the merits in that the question of whether or not state law is preempted depends entirely upon the interpretation of federal statutes and cases. This court does not, however, agree that if preemption appears to be a determinative element in the case, the action can be characterized as one "arising under" federal law, making removal proper under 28 U.S.C. § 1441. This very argument was also considered and rejected by the Seventh Circuit in *Kerr-McGee:*

> [Defendant] is correct in saying that if state law is preempted by federal law, a plaintiff may seek a remedy in federal court. We do not agree, however, that a defendant can have a state law claim removed to federal court merely by uttering the word preemption. No such result has been authorized by statute, nor has it been sanctioned by the Supreme Court.

*Id.* at 577. *See also People of State of Illinois v. Archer Daniels Midland Co.,* 704 F.2d 935, 936 (7th Cir.1983); *People of*

*State of Illinois v. General Electric Co.,* 683 F.2d 206, 208 (7th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed. 282 (1983); *Graf v. Elgin, Joliet & Eastern Railway Co.,* 697 F.2d 771, 776 (7th Cir. 1983). Therefore, the issue of preemption must be viewed as a defense to the claim, rather than a part of the claim itself, and thus, is not alone a sufficient basis for removal jurisdiction. *Kerr-McGee, supra* at 577.

■ As the court recognized in *Kerr-McGee, id.* at 577, not all circuits follow this rule, but this one does, and application of the rule here requires that this case be remanded. Because this case should not have been removed to federal court in the first place, any consideration of the issue of preemption by this court would, under *Kerr-McGee,* clearly be improper. *Id.* at 578 n. 12. Defendant is free to raise its preemption argument as a defense in state court on remand, and if it does, it will be the job of that court, applying federal law, to decide the issue.[1] " 'When Federal questions arise in cases pending in the state courts, those courts are competent, and it is their duty, to decide them.' " *Id., quoting Kansas & Texas Coal Co., supra* 183 U.S. at 190–91, 22 S.Ct. at 49.[2]

Since *Kerr-McGee* is so clearly dispositive of plaintiffs' motion to remand, and obviates any need for this court's consideration of preemption in the nuclear area as applied to state law claims for retaliatory discharge, plaintiffs' scant reference to that case in their supporting brief is difficult to understand.[3] There can be little doubt as to the continued viability of *Kerr-McGee,* even in light of more recent caselaw in the area of labor relations. For example, defendants rely heavily on the

---

1. Although the briefs are not entirely clear on this point, there is some indication that defendant has already raised the defense of preemption—unsuccessfully—in state court, but that the case was nevertheless dismissed and later refiled.

2. As previously discussed, the Illinois Supreme Court has already suggested that the Energy Reorganization Act, 42 U.S.C. § 5851 was not intended to preempt actions for wrongful discharge under state law, although, as defendant

notes, this issue was raised by the court *sua sponte,* without benefit of briefs by the parties.

3. Plaintiffs cite *Kerr-McGee* only generally; most of their argument is devoted to the substantive question of preemption, which, under *Kerr-McGee,* this court need not (indeed, cannot) even reach. Defendant hardly even acknowledges *Kerr-McGee,* again, focusing instead unnecessarily on preemption.

recent decision of the Seventh Circuit in *Oglesby, supra,* in support of their claim that this case belongs in federal court. In *Oglesby,* the plaintiff filed a wrongful discharge suit against his employer in state court, which was removed to federal court on the basis that the plaintiff was covered by a collective bargaining agreement and the alleged cause of action actually arose under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This court denied the plaintiff's motion to remand, and subsequently granted summary judgment in favor of the employer on the basis that the suit was time barred under the applicable statute of limitations. The basis for the court's holding was that, notwithstanding the plaintiff's attempt to avoid the application of federal law through "artful pleading," state law in cases "necessarily rooted" in § 301 of the Labor Management Relations Act had been completely preempted. *Id.* at 277. In support of this conclusion, the court cited *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), where the Supreme Court held that the preemptive force of § 301 of the Labor Management Relations Act is so powerful that it entirely displaces any state cause of action for violation of contracts between an employer and a labor organization.

*Avco* was acknowledged in *Kerr-McGee,* but given a markedly narrow construction, with the Seventh Circuit expressing doubt as to whether the case had any applicability outside the area of labor relations. *Kerr-McGee, supra* at 577 n. 10. The Court observed that *Avco* has not, in fact, been used to expand the federal court's removal jurisdiction, and stated, "we do not think the Supreme Court in *Avco* intended to effect a wholesale expansion of the federal court's removal jurisdiction without so much as mentioning over eighty years of judicial precedent to the contrary." *Id.* at 577–78 n. 10.

Thus, in *Oglesby,* although the court found that the plaintiff's state law claims were preempted under § 301 of the Labor Management Relations Act, it clearly stated that it was not prepared to depart from established precedent outside the narrow

area delinated in *Avco.* The court expressly reaffirmed and distinguished *Kerr-McGee* on the basis that § 301 labor cases constitute "an exception to the rule" that preemption is a defense to be alleged and proved in the state court action which will not alone support removal. *Oglesby, supra* at 277 n. 4.

28 U.S.C. § 1447(c) allows remand if "the case was removed improvidently and without jurisdiction." Because this case was improperly removed to federal court, it must be remanded.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is granted and this case is hereby remanded to the Circuit Court of Cook County in accordance with General Rule 30 of this court.