**MERIT STEEL COMPANY, INC., Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL & ORNAMENTAL IRONWORKERS LOCAL 395; Plasterers & Cement Masons Local 406; Northwest Indiana Building Trades Counsel; James A. Strayer, Earl Hurd and Paul F. Hernandez, Individually and as representatives of a class of similarly situated persons, Defendants.**

Civ. No. H88–139.

United States District Court,
N.D. Indiana,
Hammond Division.

April 7, 1988.

George H. Baker, Indianapolis, Ind., Mark D. Boveri, South Bend, Ind., F. Joseph Jaskowiak, Valparaiso, Ind., for plaintiff.

Bernard M. Mamet and Paul T. Berkowitz, Chicago, Ill., David E. Braatz, Merrillville, Ind., for defendants.

## AMENDED ORDER

LOZANO, District Judge.

This matter is before the Court on a Motion for Expedited Consideration of plaintiff's Motion to Remand to state court in light of Amended Complaint, filed by the plaintiff, Merit Steel Company, Inc. (Hereafter, Merit) on March 28, 1988. For the reasons set forth below, The Motion to Expedite is GRANTED, the Order of Referral to the U.S. Magistrate is VACATED, the Motion to Remand is GRANTED and the case is remanded to the state court.

BACKGROUND

On March 9, 1988, Merit filed a Verified Complaint For Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction in Porter Superior Court seeking relief pursuant to Indiana Code 22–6–1–1 *et seq.* against the above-captioned defendants (Hereafter collectively, the Unions). The State Court entered a Temporary Restraining Order, and on March 14, 1988, The Unions removed the case to this federal court on the basis of a federal question, namely: An action pursuant to § 303 of The Labor–Management Relations Act of 1947, 29 U.S.C. § 187 (LMRA). On March 17, 1988, Merit filed a Motion to Remand to State Court, which this Court, by Order dated March 22, 1988, denied on the basis that there were sufficient allegations in

Merit's Complaint implicating a federal question. The case was then referred to the Magistrate for purposes of a hearing on the Motion for Preliminary Injunction.

However, on March 23, 1988, before the Unions answered, Merit filed an Amended Complaint for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. Merit also filed a Motion to Remand in light of the Amended Complaint.

DISCUSSION

Merit contends that its Amended Complaint eliminates any references to any possible federal law claims, and that since the Complaint is aimed at enjoining the Unions unlawful and violent conduct based solely on state law, the suit should be remanded to the state court. However, the Unions contend that the Amended Complaint, on its face, implicates a federal question in that the Amended Complaint contains allegations that defendants are engaged in unlawful conduct, which is interfering with Merit's business relationships. The Union also contends that Merit is engaged in "artful pleading", and that by amending its Complaint Merit is attempting to avoid all references to federal law claims when in essence, the real nature of Merit's claim is federal and the case is properly before this federal court. Alternatively, the Unions' claim that this court may still retain jurisdiction over this case under its pendent jurisdiction due to plaintiff's manipulative attempts to defeat federal jurisdiction.

There is no dispute that the plaintiff is the master of its Complaint and, "jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983); *Lingle v. Norge Division of Magic Chef, Inc.,* 823 F.2d 1031, 1040 (7th Cir.1987); *City of Valparaiso, Indiana v. Ironworkers Local Union 395,* 669 F.Supp. 912, 914, n. 4 (N.D.Ind.1987). However, plaintiff may not "purposely frame his or her action under state law and omit the federal questions that are essential to recovery." *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. at 2853; *Lingle,* 823 F.2d at 1040; *Oglesby v. RCA Corp,* 752 F.2d 272, 275 (7th Cir.1985); *Valparaiso,* 669 F.Supp. at 914. The artful pleading doctrine requires the court to look more closely at the plaintiff's allegations. *Lingle,* 823 F.2d at 1040.

The issue in this case involves a determination of this court's jurisdiction. This determination is predicated on the characterization of plaintiff's claim. If Merit is seeking to protect its business relationships and recover damages for the alleged unlawful secondary activity, the case is properly before this federal court. However, if Merit is seeking to enjoin unlawful and violent conduct occurring at its Kouts facility in Indiana, the state court is the appropriate forum. § 303 of the LMRA, 29 U.S.C. § 187 allows a party harmed by unlawful secondary activity in violation of 29 U.S.C. 158(b)(4) to bring suit in federal court. *Landgrebe Motor Transport, Inc. v. District 72, International Association of Machinists and Aerospace Workers, AFL–CIO,* 763 F.2d 241, 244 (7th Cir.1985); *Valparaiso,* 669 F.Supp. at 913. "Sub-section (b) gives any individual injured in his business or property by a violation of sub-section (a) a right of action for the right of damages sustained and the cost of the suit. 29 U.S.C. § 187(b). *Landgrebe,* 763 F.2d, at 244.

However, state law also provides relief for violent activity occurring in the area of labor disputes. *Farmer v. United Brotherhood of Carpenters and Joiners of American, Local 25,* 430 U.S. 290, 301–03, 97 S.Ct. 1056, 1064–65, 51 L.Ed.2d 338 (1977); *United Steelworkers of America, AFL–CIO–CLC v. Northern Indiana Public Service Co.,* 436 N.E.2d 826, 829; and Indiana's Anti–Injunction Act, I.C. 22–6–1–6. It is true that the purpose of Indiana's Act is to minimize judicial control over conduct related to labor disputes. However, the Act is identical to the federal Norris–LaGuardia Act and interpretations of the federal Act by federal courts are helpful in construing Indiana's Act. *United Steel-*

*workers,* 436 N.E.2d at 829. In fact, one federal court has held that the Norris Act itself, "implicitly recognizes the threatened commission of violent acts as a condition under which an injunction may issue." *Scott v. Moore,* 640 F.2d 708, 714 (5th Cir.1981). Therefore, if the plaintiff's Complaint contains all the factual assertions enumerated by the Act, I.C. 22-6-1-6, the Indiana state court can provide injunctive relief against threatened or unlawful acts causing injury to plaintiff's property. *Contra International Assoc. of Machinists and Aerospace Workers, Local 1227, v. McGill Mfg. Co., Inc.,* 164 Ind.App. 321, 328 N.E.2d 761, 765 (1975).

Pursuant to this Court's March 22, 1988 Order, removal was proper by the defendants, because there were sufficient allegations in Merit's Complaint implicating a federal question, namely, unlawful secondary activity. However, on March 23, 1988, Merit amended its Complaint pursuant to Federal Rules of Procedure 15(a). At this time, the Unions had not filed an Answer with this Court. In the Amended Complaint Merit has deleted the specific allegations contained in its original Complaint which brought the case within the purview of this federal district court. Now, the Unions contend that paragraphs 5, 6(c) of the Amended Complaint, and Merit's prayer for relief, specifically A-2 and A-3, implicate unlawful secondary activity in the protection of Merit's business relationships. Yet, from the Amended Complaint it appears that Merit is attempting to enjoin the destruction and damage which is occurring to its own property and property of persons leaving Merit's facility. Merit has not asserted nor alleged, as it did in the original Complaint, that it is trying to shield itself from pressure, business interruptions, and business losses that were arising out of a controversy which was not between itself and the Union. Therefore, from the face of the Complaint, it does not appear to this Court that Merit is basing its claim on a violation of 29 U.S.C. § 158(b)(4).

■ By amending the Complaint at this early stage in the litigation, Merit has eliminated any federal claims. Under these circumstances, it is within this Court's discretion to determine whether to remand the case to the state court. *Carnegie–Mellon Univ. v. Cohill,* — U.S. —, —, 108 S.Ct. 614, 622, 98 L.Ed. 720, 734 (1987). As the Unions correctly point out, the Court is to take into consideration "whether the plaintiff has engaged in any manipulative tactics." *Carnegie–Mellon,* — U.S. —, at —, 108 S.Ct. at 622, 98 L.Ed.2d at 734. It does not appear to this Court that Merit has engaged in any type of manipulative tactics. Merit has, from the time it filed its original Complaint in the state court, contended that its Complaint contained a "single state law claim to enjoin unlawful and violent conduct occurring at Merit's facility in Kouts, Indiana." When the Unions filed their Petition for Removal, Merit strongly opposed the removal and requested remand to state court. At that time, Merit noted that its Complaint may have "coincidentally supported an unfair labor practice charge", though it did not intend to avail itself of any federal remedy. Merit claimed that it was the "violent and unlawful character of defendants' activities causing Merit harm, and not the mere presence of picketers. Merit's Complaint is intended to support a claim under Indiana's Anti–Injunction Act, not federal labor law." (Memo In Support: March 17, 1988, at pp. 5–6) Further, Merit contended that the plaintiff is the master of its Complaint, and if plaintiff decides not to invoke a federal right, the claim would properly belong to the state court. (Memo In Support: March 17, 1988, at p. 3)

■ Further, this Court does not find Merit's actions to amount to any type of "artful pleading" in which to avoid the jurisdiction of this federal court. Tracking the words of the "Artful Pleading" Doctrine, this Court does not find that the plaintiff has framed his action in such a way as to "omit the federal questions that are *essential to recovery.*" See: *Valparaiso,* 669 F.Supp. at 914. (Emphasis in the original). *See Also: Carnegie–Mellon,* — U.S. —, at —, 108 S.Ct. at 622, 98 L.Ed.2d at 734 (state court action for employment discrimination removed to federal court on the basis of the federal age discrimination claim. After plaintiff deleted

the age discrimination claim the case was remanded to the state court.) It is true that Merit has eliminated all references in its Amended Complaint to any possible basis for a federal claim. However, an essential element of a § 303 cause of action, is an allegation that an object of the Unions' conduct is to put pressure on a neutral or secondary party to *cease doing business with* a primary employer. *Valparaiso*, 669 F.Supp. at 914. (Emphasis in the original.) Merit's Amended Complaint alleges no such objective. Further, Merit is not seeking costs or damages from any alleged harm flowing from unlawful secondary activity. Rather, Merit is simply seeking to *enjoin* damage that is occurring to its property and violence that is occurring to persons located at its facility. An essential element of plaintiff's cause is clearly damage and injury to property and persons. And, injunctive relief is available in Indiana's state court, pursuant to Indiana's Anti–Injunction Act, I.C. 22–6–1–6 without implicating a § 158(b)(4) cause of action under the LMRA. See: *Valparaiso*, 669 F.Supp. at 915.

Since it appears that plaintiff's Amended Complaint does not implicate a federal cause of action, but simply alleges a state law claim for an injunction, in its discretion, this Court will, in the interest of justice, convenience and comity, remand the case to the state court. *Carnegie–Mellon*, — U.S. —, at —, 108 S.Ct. at 619, 98 L.Ed.2d, at 734. *See also: Valparaiso*, 669 F.Supp. at 914.

Based on the foregoing, the Motion to Expedite is GRANTED. The referral to the U.S. Magistrate is VACATED. The Motion to Remand in light of the Amended Complaint is GRANTED, and this case is remanded to the state court so Merit may pursue injunctive relief pursuant to Indiana's Anti–Injunction Act, I.C. 22–6–1–1.