# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1036

_____

| | | |
|---|---|---|
| Jeffrey D. Hull, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Richard H. Fallon, M.D., Individually; | * | |
| Prudential Healthcare System, Inc., a | * | |
| Texas Corporation; Prudential | * | |
| Healthcare System, doing business as | * | |
| Prudential Health Care Health | * | |
| Maintenance Organization, Inc.; | * | Appeal from the United States District |
| Prudential Healthcare System, doing | * | Court for the Eastern District of |
| business as Prudential Health Care | * | Missouri. |
| System, St. Louis Health Care | * | |
| Management, Inc.; Prudential | * | |
| Healthcare System, doing business | * | |
| as Prudential Health Care Health | * | |
| Maintenance Organization, also | * | |
| known as Prucare HMO, Inc.; | * | |
| Prudential Insurance Brokerage, | * | |
| doing business as Pruco Life | * | |
| Insurance Company, Inc., an Arizona | * | |
| Corporation; the Prudential | * | |
| Insurance Company of America, | * | |
| a New Jersey Corporation; the | * | |
| Prudential Insurance Company of | * | |
| America, doing business as Prudential | * | |
| Insurance and Financial Services; | * | |
| the Prudential Insurance Company of | * | |
| America, doing business as | * | |

Prudential Health Care System,                 *
St. Louis Health Care Management;              *
the Prudential Insurance Company               *
of America, doing business                     *
as Prudential Health Care Health               *
Maintenance Organization; the                  *
Prudential Insurance Company                   *
Of America, doing business as                  *
Prudential Health Care Health                  *
Maintenance Organization, also                 *
known as Prucare HMO; Pruco                    *
Securities Corporation, a New Jersey           *
Corporation,                                   *
                                               *
        Appellees.                             *

_____

Submitted:  June 17, 1999

Filed:  August 23, 1999

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and KYLE,[1] District Judge.

_____

BEAM, Circuit Judge.

Jeffery Hull filed a medical malpractice action in state court against the administrator of his health plan and asserted vicarious liability on the part of his health care plan for the claim.  The defendants removed the action to federal court claiming

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

federal question jurisdiction under ERISA[2] and preemption of the state law claims. Hull moved to remand the case back to state court. The district court[3] held that appellant's state law claims were preempted by ERISA, and, as pleaded, failed to state a cause of action under ERISA. The defendants' motion to dismiss was granted. We affirm.

## I.    BACKGROUND

Jeffery Hull was an employee of Prudential Insurance Company, and participated in a health insurance plan issued by Prudential Health Care Plan, Inc. (the Plan), an employee welfare benefit plan under ERISA. See 29 U.S.C. § 1002. In January 1996, Hull went to Dr. Delcau, his primary care physician, complaining of shortness of breath, chest pain, and arm pain. Dr. Delcau was a member physician of the Plan. Hull alleges that on two occasions, once in January, and again in February, Dr. Delcau contacted Dr. Fallon, the Plan's administrator, regarding his diagnosis and treatment plan for Hull, requesting authorization to administer a thallium stress test. Dr. Fallon denied both requests for a thallium stress test and instead authorized a treadmill stress test. Hull claims that, as a result of the denial of the thallium test, he suffered a myocardial infarction and developed additional heart disease.

As indicated, Hull filed a medical malpractice action in state court, alleging that Dr. Fallon, the Plan administrator, failed to exercise a sufficient degree of care in diagnosing and treating him. Hull also claims that the Plan is vicariously liable for Dr. Fallon's alleged negligence. Fallon and the Prudential defendants filed a notice of removal to federal district court pursuant to 28 U.S.C. § 1441, arguing that Hull's

---

[2]Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq.

[3]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

claims were preempted by ERISA, thus creating federal question jurisdiction. They also filed a motion to dismiss for failure to state a cognizable cause of action under ERISA. The district court found that Dr. Fallon was not acting as a treating physician, but rather as a plan administrator, thus Hull's claims were based on a denial of benefits and could have been brought only under section 502(a) of ERISA (claims for denial of benefits),[4] and thus were preempted by federal law. The district court further found that, as pleaded, Hull failed to state a claim cognizable under ERISA and granted Hull thirty days to amend his complaint. Hull did not file an amended complaint, but filed this appeal, asserting that his claims are not preempted.

## II.   DISCUSSION

---

[4]Section 502(a) provides in pertinent part:

A civil action may be brought–
      (1) by a participant or beneficiary–
      (A) for the relief provided for in subsection (c) of this section, or
      (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
      . . .
      (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132(a).

Because there is not complete diversity between the parties, the district court could only have jurisdiction to consider the case if there is federal question jurisdiction. Federal question jurisdiction requires that the action arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, an action arises under federal law only if issues of federal law are raised in the plaintiff's well-pleaded complaint. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). An exception to this rule is the "complete preemption" doctrine. This doctrine provides that "to the extent that Congress has displaced a plaintiff's state law claim . . . a plaintiff's attempt to utilize the displaced state law is properly 'recharacterized' as a complaint arising under federal law." Rice v. Panchal, 65 F.3d 637, 640 n.2 (7th Cir. 1995). Thus, federal question jurisdiction exists–and the case may be removed to federal court–if Hull's state law claims arise in an area that has been displaced by ERISA.

ERISA is a comprehensive statute designed to promote the interests of employees by regulating the creation and administration of employee benefit plans. Consistent with the decision to create a comprehensive, uniform federal scheme, Congress drafted ERISA's preemption clause in broad terms. See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137-38 (1990) ("deliberately expansive language was designed to establish pension plan regulation as exclusively a federal concern"). Congress preempted "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The United States Supreme Court has concluded that suits under section 502(a) of ERISA present a federal question for purposes of federal court jurisdiction. See Taylor, 481 U.S. at 66. Causes of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removeable to federal court despite the fact the claims are couched in terms of state law. See id.; Kuhl v. Lincoln Nat'l Health Plan, Inc., 999 F.2d 298, 302 (8th Cir. 1993); Rice, 65 F.3d at 641. Not only does this complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section

502(a).  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987); Kuhl, 999 F.2d at 302.

The issue of jurisdiction in the district court is a question we review de novo. See Wilson v. Zoellner, 114 F.3d 713, 715 (8th Cir. 1997).  Factual determinations made by the district court in addressing the jurisdictional question are reviewed for plain error.  See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

The district court found that the gravamen of Hull's claims is that he was denied a thallium stress test.[5]  We agree.  Hull contends that his claim does not arise from his relationship with the Plan and the fact that it denied a requested benefit, but rather from a doctor-patient relationship between himself and Dr. Fallon, the Plan administrator. Other than responding to two calls from Dr. Delcau, Hull's treating physician, who called for authorization for the thallium test, Dr. Fallon had no relationship with Hull other than as the Plan administrator.

We addressed the same argument in a case with similar facts.  In Kuhl, the patient's spouse brought an action asserting, among other claims, medical malpractice after the defendant plan canceled a surgery because it was scheduled at an out-of-network hospital.  By the time the surgery could be rescheduled, the patient's health had deteriorated to the point that he was no longer a candidate for the procedure.  See Kuhl, 999 F.3d at 300.  Essentially, Kuhl's claims were based on the manner in which his plan responded to a request for authorization for the surgery.  We held that the malpractice claim was preempted by ERISA, and agreed with the district court that "[a]rtful

_____

[5]In making this determination, the district court properly looked beyond the four corners of Hull's pleadings and considered the defendants' notice of removal to determine whether Hull, by artful pleading, sought to deny the defendants' right to a federal forum.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981); Oglesby v. RCA Corp., 752 F.2d 272 (7th Cir. 1985).

pleading by characterizing [the plan's] actions in refusing to pay for the surgery as 'cancellation' or by characterizing the same administrative decisions as 'malpractice' does not change the fact that plaintiffs' claims are based on the contention that [the plan] improperly processed Kuhl's claim for medical benefits." Id. at 303.

In a case with even greater factual similarity, the Seventh Circuit reached the same result. See Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482 (7th Cir. 1996). In Jass, the plaintiff had a knee replaced. The utilization review coordinator (a registered nurse) for the defendant plan made a medical determination that rehabilitation was not necessary, and secured the patient's early release from the hospital without the needed therapy. As a result, the plaintiff suffered permanent damage. See id. at 1485. This injury, the plaintiff claimed, gave rise to a state law negligence claim not preempted by ERISA. The Seventh Circuit disagreed. The plaintiff "alleged that [the reviewing nurse] determined that said course of treatment was not medically necessary and then she proceeded to secure the discharge of the Plaintiff from the hospital . . . . This was a determination of benefits within the meaning of ERISA." Id. at 1489.

The district court found that Dr. Fallon, like the nurse in Jass, denied the thallium test as part of a determination of benefits owed by the Plan. We agree with the district court's reasoning and conclude that Hull's claims, like the claims advanced in Kuhl and Jass, are preempted by ERISA. In short, although Hull's characterization of his claims sound in medical malpractice, the essence of his claim rests on the denial of benefits. As a Plan participant, he could have brought an action under section 502(a). Because his claims relate to the administration of benefits, they fall squarely within the scope of section 502(a). Therefore, Hull's claims are completely preempted by ERISA. Plan administrators necessarily exercise medical judgment in determining benefits due under the plan. To find that Hull's claims are not preempted would be to expose plan administrators to varying state causes of action for claims within the scope of section

502(a).  This "would pose an obstacle to the purposes and objectives of Congress." Pilot Life, 481 U.S. at 52.

Hull does not appeal the district court's conclusion that his pleadings failed to present a cognizable cause of action under ERISA.

## III.    CONCLUSION

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.