**RUBINSTEIN BAGELS, Plaintiff,**

v.

**Harold LASKOWITZ, Business Agent, Bagel Bakers Union Local 338 of the Bakery & Confectionery Worker International Union of America and John Strauss, as President of the Bakery Drivers Union Local 802, Affiliated to the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.**

**No. 67 Civ. 1211.**

United States District Court
S. D. New York.

May 10, 1967.

Leon Brickman, Brooklyn, N. Y., for plaintiff.

Cohen & Weiss, Cooper, Ostrin, De-Varco & Ackerman, New York City, for defendants; Stanley M. Berman, Eugene N. Sosnoff, New York City, of counsel.

## OPINION

FRANKEL, District Judge.

On March 27, 1967, plaintiff brought this action against defendant unions in the New York Supreme Court, Bronx County. Two days later defendants removed the case to this court, claiming federal jurisdiction upon the asserted ground that the complaint alleges violations under Section 8(b) (4) (B), (C) and (D) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(b) (4) (B), (C) and (D);* that the suit could, therefore, have been brought here under Section 303 of the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. § 187; and that the action was thus cognizable here under 28 U.S.C. § 1337 and removable under 28 U.S.C. § 1441. Plaintiff has moved to remand. The motion will be granted on the ground that the complaint, contrary to defendants' view, cannot fairly be read to assert a claim within Section 303 of the LMRA.

The complaint alleges that plaintiff is a co-partnership owning and operating a bagel bakery in New York City; that until February 1, 1967, plaintiff employed members of the defendant Local 338; that the collective agreements with that union expired on January 31, 1967; that beginning February 1, 1967, the co-partners and members of their immediate families took over the duties formerly performed by members of defendant Local 338; that members of defendant Local 802 worked at plaintiff's premises before February 1, 1967, in connection with the wholesale sale and delivery of bagels; that plaintiff terminated its wholesale operations effective February 1, 1967, and has since engaged only in retail sales; that the duties formerly required by members of Local 802 are no longer required; and that the foregoing changes in plaintiff's business operations were required for economic reasons. The complaint goes on to charge that defendants, by various forms of coercion and intimidation, have sought to compel the plaintiff to employ members of defendant unions; that as part of this effort, de-

---

* 29 U.S.C. § 158(b) (4) provides in pertinent part that "[i]t shall be an unfair labor practice for a labor organization or its agents—

"(4) (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is—* * *

"(B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representa-

tive of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided*, That nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing; * * *

"(D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work * * *."

As noted above, the removal papers also mentioned subsection (C), but that is even more blatantly inapposite than (B) and (D), and defendants have refrained from pressing it in opposing the remand.

fendants have picketed plaintiff's place of business; and that the plaintiff has suffered interrupted deliveries, loss of retail custom, and other injuries for which injunctive relief and compensatory damages are sought.

Two pairs of paragraphs in the complaint are asserted by defendants to show, respectively, claims of unfair labor practices under Section 8(b) (4) (B) and (D) of the National Labor Relations Act, as amended, and thus to fall within the provision for suits in federal as well as state courts under Section 303 of the LMRA. The relevant portions of the complaint are set out below, together with the reasons for the court's conclusion that plaintiff has not in either instance asserted a removable federal claim.

■ 1. Paragraphs 16 and 18 of the complaint read as follows:

"16. That the defendants have been distributing bagels to plaintiff's customers; have prevented deliveries to be made by suppliers to the plaintiff; have threatened and prevented plaintiff's customers from entering plaintiff's premises and have conspired to economically injure the plaintiff.

\*　\*　\*　\*　\*　\*

"18. That upon information and belief by the aforesaid means, the defendants have induced many customers who otherwise would have purchased plaintiff's products to refuse to enter plaintiff's bakery and make purchases therein, and are continually persuading by unfair picketing and trying to persuade other customers to like action."

It is slightly bemusing, if not necessarily surprising, that substantial labor organizations, for a momentary advantage, would purport to find in the foregoing charges "secondary boycott" activities such as those at which Congress aimed in Section 8(b) (4) (B). In any event, whatever plaintiff meant to allege, the decisions make it almost perfectly clear that the alleged activities are "primary" and not of the type forbidden by Section 8(b) (4) (B). See, e. g., National Woodwork Manufacturers v.

NLRB, 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967), where the Court reviewed the legislative and decisional history and divided on difficulties absent here; United Steelworkers of America v. NLRB, 376 U.S. 492, 84 S.Ct. 899, 11 L.Ed.2d 863 (1964); Bedford-Nugent Corp. v. Chauffeurs, Teamsters & Helpers, Local Union No. 215, 358 F.2d 21 (7th Cir.), cert. denied, 385 U.S. 821, 87 S.Ct. 48, 17 L.Ed.2d 59 (1966).

■ 2. Paragraphs 13 and 14 of the complaint read as follows:

"13. That the defendants herein, their agents, servants, and employees conspired with each other to intimidate the plaintiff by coercion, threats and persuasion to compel the plaintiff to employ members of defendants' unions: that the said acts were committed knowingly, maliciously and willfully for the purpose of destroying the plaintiff's business and for the purpose of forcing the plaintiff to employ members of defendants' unions.

"14. That by reason of plaintiff's refusal to employ members of defendants' unions and its assumption of the work formerly performed by its employees, defendants did commence on February 1, 1967 and continuing to date to picket plaintiff's place of business."

Defendants purport to find in these allegations some intimation suggesting the type of "jurisdictional dispute" with which Section 8(b) (4) (D) is concerned.

■ "The prohibition of subsection (D) against coercion to force an employer to assign certain work to one of two unions contesting for it protects the employer trapped between the two claims." National Woodwork Manufacturers v. N LRB, supra 386 U.S. at 625, 87 S.Ct. at 1258. There is no suggestion of that problem in the allegations of plaintiff's complaint. The agency with primary jurisdiction over this subject has made it clear in repeated decisions that subsection (D) is not meant to reach conduct by a union seeking to compel reemployment of members who have been discharged and replaced as the

result of business changes by an employer. See, e. g., International Brotherhood of Electrical Workers, Local 292 (Franklin Broadcasting Co.), 126 NLRB 1212 (1960); National Association of Broadcast Employees and Technicians, 127 NLRB 1070 (1960); Chauffeurs, Teamsters and Helpers, Local 331, 139 NLRB 1391 (1962); The Metallic Lathers Union, Local 46, 156 NLRB 749 (1966).

It seems clear, in short, that defendants have strained hard but unsuccessfully to find federal violations in the state complaint against them. At a minimum, the existence of federal jurisdiction is extremely doubtful, making the case an appropriate one for remand to the court in which plaintiff brought it.

The motion is granted. The case will be remanded to the New York Supreme Court, Bronx County.

It is so ordered.