**DOW CHEMICAL COMPANY, a corporation, Plaintiff,**

v.

**DISTRICT 50 ALLIED AND TECHNICAL WORKERS OF THE UNITED STATES AND CANADA, an unincorporated labor association, Local No. 15440, District 50 Allied and Technical Workers of the United States and Canada, an unincorporated labor association, S. T. Franklin, as a member of and as Regional Director, District 50 Allied and Technical Workers of the United States and Canada, Dallas Alexander, as a member of and as International Representative, District 50 Allied and Technical Workers of the United States and Canada, James D. Kelly, as a member of and as President, Local 15440 District 50 Allied and Technical Workers of the United States and Canada, and Ronald Bradley, as a member of and as Vice President, Local 15440 District 50 Allied and Technical Workers of the United States and Canada, Defendants.**

Civ. A. C–2404.

United States District Court,
D. Colorado.

July 14, 1970.

Dawson, Nagel, Sherman & Howard, by William F. Schoeberlein, and James E. Hautzinger, Denver, Colo., for plaintiff.

Walter C. Brauer, III, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

This matter is before us on motion of plaintiff (denominated respondent in the caption of the Petition for Removal) to remand the instant action to the District Court for the County of Jefferson, State of Colorado.

Plaintiff, which operates an atomic energy facility at Rocky Flats in Jefferson County, Colorado, brought this action in Jefferson County District Court seeking to enjoin defendants from engaging in mass picketing at the plant and from engaging in acts of violence, coercion and intimidation. The complaint alleges that defendants, who had begun picketing Dow Chemical on June 28, 1970, had committed numerous unlawful acts, among them interfering with access to the plant by mass picketing along Dow's private access road, by blocking the road with cars, by scattering tacks along the road and by jostling and otherwise intimidating persons crossing the picket line.

On June 30, 1970, the Colorado court issued a temporary restraining order enjoining defendants from mass picketing and from engaging in violence, intimidation and coercion. The order also limited the permissible number of pickets, though it did not entirely prohibit such picketing. The Colorado court also set July 6, 1970 as the date for hearing the motion for a preliminary injunction. On July 3 defendants filed a petition and bond for removal of the action to this Court claiming we have original jurisdiction under 28 U.S.C. § 1337. The question presented is whether this is an appropriate case for removal.

Under 28 U.S.C. § 1441 a civil action brought in a state court may be removed if the district courts of the United States have original jurisdiction of the action. Defendants refer us to 28 U.S. C. § 1337 which confers upon the dis-

trict courts original jurisdiction of any civil action "arising under any Act of Congress regulating commerce. * * *" Defendants claim that plaintiff's cause of action arises under the National Labor Relations Act, as amended by the Labor Management Relations Act, 29 U.S.C. §§ 141–168, both acts regulating commerce, and that therefore this Court has original jurisdiction under § 1441.

■ Whether plaintiff's action could be said to arise under the NLRA is essentially a question of federal preemption. As we understand the argument of defendants' counsel, he urges upon us the following proposition: The alleged conduct described in the complaint *arguably constitutes* an unfair labor practice under the NLRA. The traditional test of preemption in labor cases is that a state may not regulate an activity which is arguably protected or prohibited by the NLRA. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S. Ct. 773, 3 L.Ed.2d 775 (1959). This being the case, the form of plaintiff's allegations should not control. Defendants contend that we should grant removal because defendants' conduct is arguably prohibited by, and therefore arises under, an act regulating commerce.

■ We have two difficulties with this ingenious argument. The first is that, granting counsel is correct, we would still not have jurisdiction to hear this case. Exclusive jurisdiction to adjudicate unfair labor practices is vested in the National Labor Relations Board. 29 U.S.C. § 160; San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Garner v. Teamsters etc. Union, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953). There are exceptions to this rule. For example, we have jurisdiction over controversies based on collective bargaining agreements, 29 U.S.C. § 185, and secondary boycotts, 29 U.S.C. § 187; however, plaintiff's complaint appears to be based solely on allegations of

violence and related conduct. It is true that it seeks to enjoin acts against suppliers as well as against Dow Chemical employees. Nevertheless, the complaint clearly shows that Dow is not concerned in this proceeding with a secondary boycott, as such. The suppliers are simply one group allegedly intimidated by defendants' conduct. Since the claim is not based upon a secondary boycott or upon any other NLRA matter over which we have jurisdiction, it appears clear to us that this is not the proper forum.

■ However, our finding that we lack jurisdiction does not dispose of the matter before us. The issue here is whether we should remand this controversy to the Colorado court. It would be unresponsive and unhelpful for us simply to declare that we may not hear this case, thus leaving to plaintiff's guesswork the proper forum for pursuing its complaint. We therefore return to defendants' argument, which we recast in the following form: The fact that defendants' conduct arguably constitutes an unfair labor practice deprives the Colorado courts of jurisdiction to enjoin that conduct and therefore this case should not be remanded to the Jefferson County District Court.

Defendants refer us to three federal court decisions which adopted the "arguably constitutes" theory and either granted removal, Francis H. Leggett & Co. v. O'Rourke, 237 F.Supp. 561 (S.D.N.Y. 1964), or declined to remand and dismissed the action, S. & H. Grossinger, Inc. v. Hotel & Restaurant Employees & Bartenders, 272 F.Supp. 25 (S.D.N.Y. 1967); S. E. Overton Co. v. International Brotherhood of Teamsters, etc., 115 F.Supp. 764 (W.D.Mich.1953). The allegations in all three cases, so far as we can determine, were based upon interference with the conduct of a business, not upon threatened violence or breaches of the peace. Both *Grossinger* and *Overton* distinguished those cases involving threatened violence, which the states have a special interest in controlling.

The fact that plaintiff seeks to enjoin acts of violence distinguishes this case from those upon which defendants rely. The Supreme Court has declared on several occasions that Congress did not intend, by enacting the National Labor Relations Act and the Labor Management Relations Act, to prevent the states from vindicating their strong interest in the maintenance of domestic peace. In the case of San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S. Ct. 773, 3 L.Ed.2d 775 (1959), the Court stated:

"It is true that we have allowed the States to grant compensation for the consequences, as defined by the traditional law of torts, of conduct marked by violence and imminent threats to the public order. [International Union] United Automobile Workers v. Russell, 356 U.S. 634 [78 S.Ct. 932, 2 L.Ed.2d 1030]; United Construction Workers v. Laburnum [Construction] Corp., 347 U.S. 656 [74 S.Ct. 833, 98 L.Ed. 1025]. We have also allowed the States to enjoin such conduct. Youngdahl v. Rainfair, 355 U.S. 131, [78 S.Ct. 206, 2 L.Ed.2d 151]; Auto Workers v. Wisconsin [Employment Relations] Board, 351 U.S. 266 [76 S.Ct. 794, 100 L.Ed. 1162]. State jurisdiction has prevailed in these situations because the compelling interest, in the scheme of our federalism, in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction. Id. at 247, 79 S.Ct. at 780.

While making clear that the states' historic interest in maintaining order has not been preempted by Congress, the Supreme Court has made equally clear that states may not interfere with peaceful union activity, including picketing. Youngdahl v. Rainfair, 355 U.S. 131, 78 S.Ct. 206, 2 L.Ed.2d 151 (1957). The issue as framed by the Court in Youngdahl is whether the conduct in question is calculated to provoke physical violence and would be likely to do so unless promptly restrained. Id. at 139, 78 S.Ct. 206. The Youngdahl test has been interpreted to mean that "[i]f a record contains adequate proof that a pattern of violence has been established which is so enmeshed in the picketing that violence can only be prevented by enjoining all picketing, a State court may be justified in entering such an injunction." Acme Markets, Inc. v. Retail Store Employees Union, 231 F.Supp. 566, 571 (D.Md.1964). It should be noted that in both Youngdahl and Acme all picketing was enjoined, whereas plaintiff here seeks only to limit defendants' picketing. Whether the evidence will show that defendants' conduct has been of a sufficiently threatening nature to justify an injunction will be for the Jefferson County District Court to determine. We will not assume that the Colorado courts will act beyond their jurisdiction.

■ Were we to adopt the view that this case could properly be brought only before the National Labor Relations Board, we might seriously interfere with Colorado's interest in maintaining public order. The NLRB clearly has no jurisdiction to hear a claim based upon Colorado law. It may be argued that the State of Colorado can adequately protect the public interest through criminal prosecutions and that the effect of a decision denying remand would only be to prevent private parties from vindicating the public, and their private, interest. However, such a view would further circumscribe an already narrow exception to the preemption rule and would also be contrary to the Supreme Court's holding in Youngdahl, supra. There the Court permitted a private action to enjoin conduct characterized as violent and a threat to the peace.

The sensitive problem of how best to maintain a proper balance between state and federal interest is, of course, always open to argument. Nevertheless, we regard it as our responsibility to follow the preemption doctrine as enunciated by the Supreme Court. We believe that granting the order to remand this case to the District Court for Jefferson

County, State of Colorado, will best fulfill that responsibility.

In its motion to remand, plaintiff asks for reimbursement for costs incurred in responding to the removal petition. Since this Court has determined that it has no jurisdiction to hear the case and will remand to the Colorado court, the matter of costs will be left to that court.

It is therefore

Ordered that plaintiff's motion to remand be and the same hereby is granted, and the action is remanded in its entirety to the District Court in and for Jefferson County, Colorado.