**666 COSMETICS, INC., Plaintiff,**

v.

**Leon J. DAVIS, Individually and as President of Local 1199, et al., Defendants.**

**No. 71 Civ. 5508.**

United States District Court,
S. D. New York.

Feb. 4, 1972.

Melvin S. Katzman, Jackson, Lewis, Schnitzler & Krupman, New York City, for plaintiff.

Richard Dorn, Sipser, Weinstock & Weinmann, New York City, for defendants.

## MEMORANDUM OPINION

PIERCE, District Judge.

Plaintiff instituted suit in mid-December, 1971, in New York State Supreme Court, New York County, seeking to enjoin defendants from engaging in certain activities. Shortly thereafter defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 (1970 ed). Plaintiff has moved under 28 U.S.C. § 1447(c) to remand this case to the State Supreme Court.

Plaintiff is engaged in the business of selling cosmetics, candy and cigarettes at a retail store located in Manhattan. Defendants are alleged in the complaint to be a labor organization, its president, two officers or business agents and various of its members, representatives, organizers or employees. The complaint charges that defendants caused between five and twenty-five people to congregate and picket at the entrances to plaintiff's store at various times; that these individuals interfered with free access to the store and obstructed the exits; that they shouted at, and insulted, plaintiff's employees and customers, thereby intimidating, threatening and coercing them; that these individuals have attempted to coerce, intimidate and restrain persons from making deliveries to plaintiff; that they have thus created a hazardous and volatile condition in the area of plaintiff's store which threatens the public welfare.

Defendants apparently premised their removal on subsections (a) and (b) of section 1441 which permit such action where the District Court would have original jurisdiction of the matter since it is founded upon a claim or right arising under the Constitution or laws of the United States.[1] They argue that

---

1. 28 U.S.C. § 1441(a) and (b) provides, in relevant part:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

those portions of the complaint[2] which suggest that they have attempted to force persons to cease dealing or doing business with plaintiff set out, at least arguably, a violation of § 8(b) (4) (i) (ii) (B), 29 U.S.C. § 158(b) (4) (i) (ii) (B),[3] one of the secondary boycott provisions of the Labor Management Relations Act of 1947, as amended. Such violations are made actionable in the District Court by 29 U.S.C. § 187.[4]

Plaintiff contends that the complaint does not set forth a violation of § 8(b) (4) (B), that therefore the Federal District Court lacks original jurisdiction over the subject matter and that the case must be remanded. It further asserts that only the State courts are empowered to enjoin mass picketing and threatened violence. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 729, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and cases cited therein.

The Court does not agree with defendants' characterization of their activities as alleged in the complaint. Defendants here are engaged in what is commonly referred to as "primary picketing." Rather than constituting an illegal boycott under § 8(b) (4) (B) such activity has traditionally been one of labor's major weapons. It is intended to convey defendants' message to all those approaching the site of plaintiff's store, without regard to whether such individual is a deliverer of supplies, an employee or a potential customer. It is aimed at halting or severely interfering with plaintiff's business operations. See generally United Steelworkers of America v. NLRB, 376 U.S. 492, 499, 84 S.Ct. 899, 11 L.Ed.2d 863 (1964). To this extent, of course, defendants' actions seek to coerce persons to cease dealing or doing business with plaintiff. But these actions are not similar to those secondary pressures Congress intended to prohibit by § 8(b) (4) (B). See National Woodwork Mfrs. Ass'n. v. NLRB, 386 U.S. 612, 620–633, 87 S.Ct. 1250, 18 L.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

2. In determining whether the test of § 1441 is met the Court is limited to construing the complaint standing alone. 1A J. Moore, Federal Practice ¶ 10.160, at 474–79 (2d ed. 1965).

3. 29 U.S.C. § 158(b) (4) (i) (ii) (B) provides:

§ 8(b) It shall be an unfair labor practice for a labor organization or its agents—
\* \* \* \* \*
(4) (i) to engage in, or to induce or encourage any individual employed by any person \* \* \* to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services; or (ii) to threaten, coerce, or restrain any person \* \* \*, where in either case an object thereof is—
\* \* \* \* \*
(B) forcing or requiring any person to cease using, selling, handling, transport-

ing, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person, or forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees, unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title: *Provided,* that nothing contained in this clause (B) shall be construed to make unlawful, where not otherwise unlawful, any primary strike or primary picketing;

4. 29 U.S.C. § 187 provides, in relevant part: (a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b) (4) of this title.
(b) Whoever shall be injured in his business or property by reason or [sic] any violation of subsection (a) of this section may sue therefor in any district court of the United States . . . without respect to the amount in controversy . . . . .

Ed.2d 357 (1967); *Cf.* United Steelworkers of America v. NLRB, 376 U.S. mere fact that some neutral employees may incidentally be affected by defendants' picketing at the site of the primary employer's business is not sufficient to bring this activity within the scope of § 8(b) (4) (B). National Woodwork 492, 500–501, 84 S.Ct. 899 (1964). The Mfrs. Ass'n. v. NLRB, 386 U.S. 612, 627, 87 S.Ct. 1250 (1967).

Since the complaint cannot fairly be construed to allege a § 8(b) (4) violation there appears to be no basis upon which this Court would have original jurisdiction over this complaint. Therefore plaintiff's motion to remand this case to New York Supreme Court, New York County, is granted.[5]

So ordered.

---

5. See Dow Chemical Co. v. Local 15440, District 50 Allied and Technical Workers, 315 F.Supp. 427 (D.Colo.1970); J. Landowne Co. v. Local 299, Paper Box Makers, 278 F.Supp. 339 (E.D.N.Y. 1967); Rubinstein Bagels v. Laskowitz, 268 F.Supp. 920 (S.D.N.Y.1967).