**LOCKPORT WELL & PUMP, INC., an Illinois corporation, Plaintiff,**

**v.**

**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, a Labor Union, Jack Logan, Dale Phillips, Bill Marks, Tony Logan, Bill Doyle, Larry Cox, Marty Cravens, Don Maitland, Joseph Ward, Jerry Doyle, Raymond Troutman and Kevin Lester, Defendants.**

No. 89 C 0838.

United States District Court, N.D. Illinois, E.D.

Feb. 21, 1989.

Mark E. Furlan, Gardner, Carton & Douglas, Chicago, Ill., Timothy J. Rathbun, Mc Keown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, Joliet, Ill., for plaintiff.

Louis E. Sigman, Dale D. Pierson, Baum & Sigman, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

This is an action brought by Lockport Well & Pump, Inc., seeking injunctive relief against the International Union of Operating Engineers, Local 150 (the "union") and damages against various individual defendants for alleged acts and threats of violence committed during an ongoing strike against plaintiff.[1] The complaint was filed in the Circuit Court of Will County, Illinois, and defendants removed the case to this Court. Pending is plaintiff's motion to remand the case to state court. For the reasons described below, plaintiff's motion is granted.

28 U.S.C. § 1447(c) provides that a case which has been removed improvidently shall be remanded to state court. Defendants claim that this case was properly removed pursuant to 28 U.S.C. § 1441, which provides for removal of any case which would be within the federal court's original jurisdiction, because plaintiff's claim arises under federal law. Plaintiff argues that its claim arises only under state law, and that the case was therefore removed improvidently.

Determination of whether federal question jurisdiction exists begins with the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Pursuant to this rule, plaintiff is the master of the claim and may avoid federal jurisdiction by relying solely on state law, even where it has available both state and federal claims. *See Caterpillar*, 482 U.S. at ——, 107 S.Ct. at 2429; *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir.1988); *People of State of Illinois v. Kerr–McGee Chemical Corp.*, 677 F.2d 571, 575 (7th Cir.), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). This general rule is in

---

1. The conduct described in the complaint includes attempting to disable a diesel engine, jumping on the side of a United Parcel Service truck attempting to enter plaintiff's premises, trespassing for the purpose of persuading potential employment applicants not to apply, displaying a handgun, placing nails in a driveway, residential picketing, blocking a vehicle entrance to a job site with a pickup truck, shooting a hole in a vehicle window, shooting paint on a vehicle, attempting to force a truck off the road, throwing an explosive on a vehicle, throwing rocks and asphalt at employees, removal of a braking device from a truck, spitting in the face of an employee, and following an employee's wife in an automobile.

accord with the principle that the removal statute is construed narrowly and against removal. *See Kerr–McGee*, 677 F.2d at 576. However, removal is allowed "if the plaintiff is attempting to avoid having an essentially federal claim adjudicated in a federal forum merely by artfully drafting the complaint in terms of state law." *Kerr–McGee*, 677 F.2d at 575. *See also Evans v. Einhorn*, 855 F.2d 1245, 1255 (7th Cir.1988); *Gibson v. AT & T Technologies, Inc.*, 782 F.2d 686, 688 (7th Cir.), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986); *Oglesby v. RCA Corp.*, 752 F.2d 272, 275 (7th Cir.1985).

■ In this case, plaintiff's complaint facially alleges only state claims and does not refer to any federal cause of action. Defendants argue, however, that plaintiff's claim is pre-empted by federal labor law and that plaintiff has "artfully drafted" its complaint to avoid referring to federal claims which the complaint necessarily encompasses.

■ As a general rule, the pre-emption argument does not allow a defendant to remove a case to federal court, but rather is merely a defense to the state court action. *Kerr–McGee*, 677 F.2d at 577–78. *See also Caterpillar*, 482 U.S. at ——, 107 S.Ct. at 2432–33; *Ethridge*, 861 F.2d at 1399–1400; *Sprague Iron Works v. Urbauer*, 604 F.Supp. 733, 735 (N.D.Ill.1985). This rule is also subject to a limited exception; where the state claim has been "completely pre-empted," the state claim is considered to arise under federal law and to give rise to a right of removal.

On occasion, the Court has concluded that the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes

of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar*, 482 U.S. at ——, 107 S.Ct. at 2430 (citations omitted). *See also Oglesby*, 752 F.2d at 276. Defendants argue that plaintiff's state law claims are subject to this complete pre-emption exception. Plaintiff and the Court disagree.

The complete pre-emption doctrine applies primarily in cases raising claims pre-empted by § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). *Caterpillar*, 482 U.S. at ——, 107 S.Ct. at 2430. *See also Evans*, 855 F.2d at 1249–52; *Gibson*, 782 F.2d at 688; *Sprague Iron Works*, 604 F.Supp. at 735. In this case, defendants argue that plaintiff's state law claims are pre-empted not by § 301, but by § 8(b)(4) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(b)(4).[2]

It is true that most claims concerning conduct protected or prohibited by §§ 7 and 8 of the NLRA are preempted by federal law. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–45, 79 S.Ct. 773, 779–80, 3 L.Ed.2d 775 (1959). However, unlike § 301, §§ 7 and 8 do not pre-empt all state claims:

[D]ue regard for the presuppositions of our embracing federal system ... has required us not to find withdrawal from the States of power to regulate where the activity regulated was a merely peripheral concern of the Labor Management Relations Act. Or where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer

**2.** Section 8(b)(4) provides, in the portion relied on by defendants, that it is "an unfair labor practice for a labor organization or its agents ... (i) to engage in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodi-

ties or to perform any services; or (ii) to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is ... (B) forcing or requiring any person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person...."

that Congress had deprived the States of the power to Act.

*Id.* at 243–44, 79 S.Ct. at 779 (citation omitted). Indeed, it is precisely the types of claims alleged in this case, involving threats and acts of physical violence, that raise such local concerns that they are not pre-empted by federal labor law.[3] *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters,* 436 U.S. 180, 195–98, 98 S.Ct. 1745, 1756–58, 56 L.Ed.2d 209 (1978); *Farmer v. United Brotherhood of Carpenters and Joiners,* 430 U.S. 290, 295–99, 97 S.Ct. 1056, 1061–63, 51 L.Ed.2d 338 (1977); *Lodge 76, International Ass'n of Machinists and Aerospace Workers v. Wisconsin Employment Relations Comm'n,* 427 U.S. 132, 136, 96 S.Ct. 2548, 2551, 49 L.Ed.2d 396 (1976); *Garmon,* 359 U.S. at 247–48, 79 S.Ct. at 781. Because §§ 7 and 8 do not completely pre-empt state law, defendant's pre-emption argument is properly raised as a defense in state court rather than as a ground for removal to federal court. This case is thus similar to *Ethridge, supra,* which persuasively held that a retaliatory discharge claim could not be removed to federal court on the ground that it was pre-empted by §§ 7 and 8.

Defendants argue that claims involving conduct allegedly violative of § 8(b)(4), unlike most conduct arguably prohibited by §§ 7 and 8, are specifically removable pursuant to § 303 of the LMRA, 29 U.S.C. § 187, which give federal courts original jurisdiction over claims of unfair labor practices violative of § 8(b)(4). Thus in *Ethridge,* the court noted that "cases involving section 8(b)(4) are removable, *see* 29 U.S.C. § 187." 861 F.2d at 1400 n. 7. In light of the *Ethridge* court's reasoning and holding, this passage can only mean that claims based *explicitly* on § 8(b)(4) are removable. Defendants in this case argue not that plaintiff has alleged a § 8(b)(4) claim, but that plaintiff's state law claim is so completely pre-empted by federal law as to arise under federal law and give rise to a right of removal. Because plaintiff's state law claims are not completely pre-empted by federal law, § 303 does not confer federal jurisdiction over them.

The Court further notes that this case is not controlled by *Oglesby, supra,* one of the cases relied upon by defendants. *Oglesby* held that a claim of unlawful termination of employment was removable to federal court. *Oglesby,* however, involved a claim which stemmed from a collective bargaining agreement and which the court held was pre-empted by § 301 of the LMRA. 752 F.2d at 277. *Oglesby* therefore accords with the complete preemption doctrine which, as described in *Caterpillar, supra,* is limited primarily to § 301 cases. Its holding does not extend to claims of pre-emption based on §§ 7 and 8 of the NLRA. Indeed, the *Oglesby* court distinguished *Kerr–McGee, supra,* which held that a defense of pre-emption did not give rise to removal, on the basis that § 301 was an exception to the general rule announced in *Kerr–McGee.* 752 F.2d at 277 n. 4. *See also Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Defendants also rely on several cases which have held that a claim alleging conduct violative of § 8(b)(4) is removable to federal court. *See Day–Brite Lighting Division v. IBEW,* 303 F.Supp. 1086 (N.D.

---

**3.** The parties argue at length over whether the particular claims alleged by plaintiff give rise to causes of action under § 303 of the LMRA, 29 U.S.C. § 187, which gives federal courts original jurisdiction over claims of violations of § 8(b)(4). Plaintiff argues that Count I, which seeks injunctive relief from the union, would not give rise to a federal claim because § 303 creates only a cause of action against a union for damages, and that Counts II through X, which seek damages from individual defendants, would not give rise to a federal cause of action because they do not allege that defendants acted as agents for the union. Plaintiff further argues that the conduct complained of does not violate § 8(b)(4) in the first place because it is "primary" conduct aimed at plaintiff rather than "secondary" conduct aimed at third parties. Defendants argue that it is the conduct complained of, rather than the remedy sought, which determines federal jurisdiction; that plaintiff does seek damages from the individual defendants as agents for the union; and that the alleged conduct is indeed "secondary." The Court finds these arguments to be inapposite. The question is whether the state claims in question are "completely pre-empted" by federal law. For the reasons stated in the text, the Court concludes they are not.

Miss.1969); *S. & H. Grossinger v. Hotel and Restaurant Employees*, 272 F.Supp. 25 (S.D.N.Y.1967); *Pollio and Sons, Inc. v. Int'l Brotherhood of Teamsters*, 242 F.Supp. 684 (E.D.N.Y.1965); *Francis H. Leggett and Co. v. O'Rourke*, 237 F.Supp. 561 (S.D.N.Y.1964). Those cases are inapplicable initially because they did not involve claims of violence such as those alleged here, and in fact some of them explicitly distinguished claims of violence. *See generally Dow Chemical Co. v. District 50 Allied & Technical Workers*, 315 F.Supp. 427, 429 (D.Colo.1970). Furthermore, those are all district court cases which predate the more recent appellate and Supreme Court cases described herein which hold that pre-emption is a defense which does not give rise to removal. To the extent those cases may be inconsistent with *Ethridge, Kerr–McGee*, and this opinion, the Court declines to follow them.

In conclusion, the Court holds that §§ 7 and 8 of the NLRA do not completely pre-empt state law claims. Because plaintiff does not rely on federal claims in its complaint, and because its state claims are not subject to the type of complete pre-emption created by § 301 of the LMRA, defendant may not remove the case by raising the defense of pre-emption. The case is therefore remanded to the Circuit Court of Will County, Illinois.