David **PITCHFORD**, Plaintiff,

v.

**ALADDIN STEEL, INC.,** Defendant.

Jerry **KING**, Plaintiff,

v.

**ALADDIN STEEL, INC.,** Defendant.

Nos. 92–CV–941–WDS, 92–CV–942–WDS.

United States District Court,
S.D. Illinois.

July 13, 1993.

Gary E. Peel, Peel, Beatty, Walters & Roosevelt, Edwardsville, IL, for plaintiffs.

Daniel R. Begian and Alan I. Berger, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for defendants.

## MEMORANDUM AND ORDER

STIEHL, Chief Judge:

Before the Court in each of the above-captioned cases are motions by defendant Aladdin Steel, Inc. to dismiss or, in the alternative, for summary judgment. Because the Court concludes that the cases were removed despite a lack of federal subject matter jurisdiction, the Court will remand both cases without ruling on the pending motions.

These cases were both filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, on November 17, 1992. Each plaintiff alleges that he was discharged from his employment by defendant, and seeks recovery under theories of breach of contract (Count I), and retaliatory discharge (Count II). Both plaintiffs' breach of contract claims are based upon an employee handbook which allegedly establishes certain procedures which defendant was required to follow before terminating an employee. Both plaintiffs allege that defendant discharged them without complying with the required procedures.

In Count II of his complaint, plaintiff Pitchford alleges that he was discharged for participating in efforts to unionize defendant's employees, and for reporting certain violations of the Occupational Safety and Health Act to the Department of Labor.

Pitchford alleges that termination for these reasons contravenes declared public policy and therefore entitles him to damages for lost wages, benefits, and earning capacity. Similarly, in Count II of his complaint, plaintiff King alleges that he was discharged for participating in efforts to unionize defendant's plant, and for advising defendant of his intention to file a workers' compensation claim regarding a work-related injury.

In both cases defendant timely filed a Notice of Removal based upon the contention that the plaintiffs' claims fall "within the ambit" of §§ 7 and 8 of the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157, 158, and thus removal is proper pursuant to 28 U.S.C. §§ 1441, 1331. As an additional basis for removal in Pitchford's case, defendant claims that the action arises, under § 11(c) of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 660(c), which prohibits the termination of an employee for reporting an OSHA violation.

Defendant thereafter filed its motions to dismiss or, in the alternative, for summary judgment. Defendant argues with regard to Count I of the complaints that the employee handbook does not constitute a contract and therefore cannot form the basis for a breach of contract claim. Defendant further argues that the claims asserted in Count II of the complaints are preempted by the NLRA and, in Pitchford's case, by OSHA as well.

Neither plaintiff contests defendant's Notice of Removal. Rather, plaintiff King has filed a motion to voluntarily dismiss Count II of his complaint pursuant to Fed.R.Civ.P. 41(a), and to remand Count I as that count "does not involve any matter which would have been removable to federal court in the first instance...." Similarly, plaintiff Pitchford has chosen not to contest defendant's motion with regard to Count II, and requests the Court to remand Count I if it denies defendant's motion as to that count.

■ Notwithstanding the lack of a vigorous and positive assertion of a right to remand, a federal district court is obligated to consider the correctness of the grounds for removal, and if it finds the case was removed without jurisdiction, to remand the case to state court. 28 U.S.C. § 1447(c); *Jones v.*

*General Tire & Rubber Co.,* 541 F.2d 660 (7th Cir.1976); *Smith v. City of Picayune,* 795 F.2d 482 (5th Cir.1986). Here, because neither case could have been filed originally in this Court, removal pursuant to 28 U.S.C. § 1441 was improper, and the Court is required to remand both cases to state court.

■ Defendant does not contend that diversity of citizenship exists in either case, and neither complaint discloses the parties' citizenship. Therefore, the sole issue in this case is whether plaintiffs' complaints present federal questions removable pursuant to 28 U.S.C. § 1441(b). In determining whether federal question jurisdiction exists, the starting point is the "well-pleaded complaint" rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lockport Well & Pump, Inc. v. International Union of Operating Engineers, Local 150,* 708 F.Supp. 178, 179 (N.D.Ill.1989), *quoting Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). "Pursuant to this rule, plaintiff is the master of the claim and may avoid federal jurisdiction by relying solely on state law, even where it has available both state and federal claims." *Lockport,* 708 F.Supp. at 179. Further, it is settled that a case may not be removed on the basis of a federal law defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint and even if both parties concede that the federal defense is the only question truly at issue. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430.

■ Here, the claims in both cases are based solely on state law theories of breach of contract and retaliatory discharge. Moreover, it is clear that defendant removed both cases based upon its position that the claims, at least those asserted in Count II of each complaint, are preempted by the NLRA, and in Pitchford's case by OSHA as well. Under the well-pleaded complaint rule, such defenses alone do not provide grounds for removal.

■ However, there exists a corollary to the well-pleaded complaint rule known as the

"complete pre-emption" doctrine, pursuant to which the Supreme Court has determined, on occasion, that the preemptive force of a statute is so extraordinary that it converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. One example of the applicability of this doctrine is cases arising under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which gives district courts jurisdiction over disputes involving collective bargaining agreements and authorizes the courts to fashion a body of federal common law for the enforcement of such agreements. *See Casey v. Hinckley & Schmitt, Inc.,* 815 F.Supp. 266 (N.D.Ill.1993). "Anyone who brings such a suit is invoking federal common law whether he knows it or not, and therefore such a suit is within the original jurisdiction of the federal district courts and, if filed in a state court, can be removed to federal court." *LaBuhn v. Bulkmatic Transport Co.,* 865 F.2d 119, 120 (7th Cir.1988).

Defendant does not claim that the plaintiffs' claims are preempted by § 301 of the LMRA, however. Rather, it relies upon §§ 7 and 8 of the NLRA. Section 7 of the NLRA provides that employees shall have the right to form, join, or assist a labor organization. 29 U.S.C. § 157. Sections 8(a)(1) and 8(a)(3) make it an unfair labor practice for an employer to interfere with, restrain, or coerce employees in the exercise of that right, or to discriminate in regard to any term or condition of employment to discourage membership in such an organization. 29 U.S.C. §§ 158(a)(1), 158(a)(3). Unlike cases arising under § 301 of the LMRA, §§ 7 and 8 of the NLRA do not confer original federal court jurisdiction over actions within their scope. *United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus., Local No. 57 v. Bechtel Power Corp.,* 834 F.2d 884 (10th Cir.1987), *cert. denied,* 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988). Instead, "the Supreme Court has made it plain that actions under sections 7 and 8 of the NLRA are committed by Congress in the first instance to the National Labor Relations Board." *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389, 1397 (9th Cir.1988), *cit-*

*ing San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

In *Ethridge,* the Ninth Circuit relied upon this distinction between cases arising under § 301 of the LMRA and cases arising under §§ 7 and 8 of the NLRA to hold that state retaliatory discharge actions claimed to be preempted by the latter are not removable to federal court. In so doing, the court emphasized the rule that only those state court actions that originally could have been filed in federal court may be removed. Because, under *Garmon,* both state and federal courts lack original jurisdiction to determine disputes involving conduct within the scope of §§ 7 and 8, the court explained that federal district courts likewise lack removal jurisdiction over such disputes. *Ethridge,* 861 F.2d at 1397. *Accord Lockport,* 708 F.Supp. at 181. Moreover,

> [i]t is also clear that the *Garmon* analysis is not one to be undertaken by the lower federal courts. "A claim of *Garmon* pre-emption is a claim that the state court has no power to adjudicate the subject matter of the case, and when a claim of *Garmon*-preemption is raised, **it must be considered and resolved by the state court.**" If the state court errs in determining whether *Garmon* principles deprive it of jurisdiction over a dispute, review of that decision may be had in the Supreme Court.

*Id.* at 1399, *quoting International Longshoremen's Ass'n, AFL–CIO v. Davis,* 476 U.S. 380, 393, 106 S.Ct. 1904, 1913, 90 L.Ed.2d 389 (1986) (emphasis added in *Ethridge* ) (citations omitted).

■ Here, defendant's Notice of Removal in each case is based upon the contention that plaintiffs' claims fall "within the ambit" of §§ 7 and 8 of the NLRA. The decision in *Ethridge* makes clear that such a defense is insufficient to support removal. Defendant's reliance upon OSHA in Pitchford's case is similarly misplaced. Section 11(c) of that statute does not create an implied private right of action on behalf of employees discharged for reporting safety violations, and therefore district courts lack subject matter jurisdiction over retaliatory discharge suits

based upon such claims. *George v. Aztec Rental Center, Inc.*, 763 F.2d 184 (5th Cir. 1985); *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir.1980). Because the remainder of plaintiffs' claims assert purely state law causes of action, there exists no basis for removal to this Court pursuant to 28 U.S.C. § 1441. When a case is removed without subject matter jurisdiction, the Court is required to remand it to state court. 28 U.S.C. § 1447(c); *see McIntyre v. Fallahay*, 766 F.2d 1078 (7th Cir.1985).

Accordingly, *Pitchford v. Aladdin Steel, Inc.*, No. 92–941–WDS and *King v. Aladdin Steel, Inc.*, No. 92–942–WDS, are hereby **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**