Mariann A. KOZAR, Plaintiff,

v.

AT & T, et al., Defendants.

Civil A. No. 95–2002.

United States District Court, D. New Jersey.

April 25, 1996.

---

James P.A. Cavanaugh, Marlton, NJ, for Plaintiff.

Francis X. Dee, Carpenter, Bennett & Morrissey, Newark, NJ, for Defendants.

## OPINION

ORLOFSKY, District Judge:

In accordance with its independent obligation to examine the basis for the exercise of subject matter jurisdiction, *see* Fed. R.Civ.P. 12(h)(3), this Court on its own motion,[1] asked the parties to consider the propriety of Defendants' removal of this action to this Court, and whether this action should be remanded to the state court from which it was removed, pursuant to 28 U.S.C. § 1447(c).[2] For the reasons set forth below, the Court finds that this action was improperly removed to this Court, and therefore, will remand the case to the Superior Court of New Jersey, Law Division, Somerset County.

### I. *Facts and Procedural History.*

Plaintiff initially filed this action in the Superior Court of New Jersey, Law Division, Somerset County. In her complaint, Plaintiff alleges that in late April, 1994, she began to suffer "severe eye symptomology at work, including itching and swelling, which at times caused plaintiff's eyes to swell shut." Complaint ¶ 10. She further contends that when such symptoms did not disappear, she con-

---

1. In a letter to counsel, dated April 11, 1996, the Court requested that the parties brief "... whether this matter was properly removed to this Court, and if not, whether it should be remanded to the state court."

2. 28 U.S.C. § 1447(c) provides in relevant part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

cluded that her eye irritation was caused by "airborne irritants, most likely from the construction at the work place[.]" Complaint ¶ 13. As a result, "plaintiff telephoned the area office of the Occupational Safety and Health Administration of the United States Department of Labor ... and filed an Informal Inspection Complaint." Complaint ¶ 17. Plaintiff further contends that she was harassed and threatened after she requested a "hazardous chemical" list from her employer. Complaint ¶ 16. According to Plaintiff, she was terminated from her employment shortly thereafter "on the false pretext that she was guilty of falsifications of records in violation of the company's ethics code." Complaint ¶ 19.

Plaintiff contends that Defendants' termination of her employment violated the Worker Health and Safety Act, N.J.S.A. §§ 34:6A–1 *et seq.*, the New Jersey Public Employees' Occupational Safety and Health Act, N.J.S.A. §§ 34:6A–25 *et seq.*, and constituted a wrongful discharge in violation of public policy. She also seeks damages for defamation and the tort of outrage.[3] This case was removed by Defendants to this Court on April 27, 1995.

II. *The Legal Standards Governing Removal.*

■ Removal is governed by 28 U.S.C. § 1441(a) which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States ..." Removal to the federal court can occur only if the district court has original jurisdiction over the action, that is, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In the absence of diversity of citizenship and the requisite amount in controversy, a district court has original jurisdiction over any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ In Paragraph 5 of their Notice of Removal, Defendants allege:

[S]ection 11(c) of the OSH Act, ["OSHA"] 29 U.S.C. § 660(c), provides an exclusive federal remedy for employees who have been discriminated against by their employers for exercising their rights under the OSH Act. Accordingly, this suit is a civil action arising under section 11(c) of the OSH Act, over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331.

Thus, Defendants base, in part, their allegation of federal jurisdiction upon Section 11(c) of OSHA, which provides:

Any employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary [of Labor] alleging such discrimination. Upon receipt of such complaint, the Secretary shall cause such investigation to be made as he deems appropriate. If upon such investigation, the Secretary determines that the provisions of this subsection have been violated, *he shall bring an action in any appropriate United States district court against such person.*

29 U.S.C. § 660(c)(2) (emphasis supplied). By its terms, Section 11(c)(2) does not provide for a private right of action to be brought by an aggrieved Plaintiff. Instead, Congress has given the Secretary of Labor the exclusive right to bring an action for a violation of the Act. *See Pitchford v. Aladdin Steel, Inc.,* 828 F.Supp. 610, 613 (S.D.Ill. 1993); *Lengel v. Fisher–Price, Inc.,* 1991 WL 224417, at *2 (W.D.N.Y. October 28, 1991)

■ Defendants further contend in Paragraph 6 of their Notice of Removal that "this

---

3. The tort of outrage, otherwise known as intentional infliction of emotional distress, requires a plaintiff to establish that a defendant's conduct was "[s]o outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Buckley v. Trenton Saving Fund Soc.,* 111 N.J. 355, 365–66, 544 A.2d 857 (1988). The emotional distress suffered by a plaintiff must be "so severe that no reasonable man could be expected to endure it." *Id.*

suit, to the extent that it arises under the New Jersey Right to Know Act, is preempted by section 18(b) of the OSH Act ["OSHA"] and subject to the jurisdiction of the United States District Courts pursuant to 28 U.S.C. § 1331." The federal question which Defendants allege "arises under" 28 U.S.C. § 1331 in Paragraph 6 of their Notice of Removal does not provide a basis for removal since a federal question cannot "arise" under 28 U.S.C. § 1331 as a defense to an action. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■ Moreover, it is well settled that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (*citing Gully v. First Nat'l Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936); *see also Goepel v. Nat'l Postal Mail Handlers Union,* 36 F.3d 306, 309 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1691, 131 L.Ed.2d 555 (1995). The "well-pleaded complaint rule" "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. at 392, 107 S.Ct. at 2429; *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. at 22, 103 S.Ct. at 2852–53. It is clear that on the *face* of Plaintiff's complaint, she does not allege a federal cause of action. That, however, does not end the inquiry into this Court's jurisdiction.

■ There exists "an 'independent corollary' to the well-pleaded complaint rule ... known as the 'complete preemption' doctrine." *Caterpillar Inc. v. Williams,* 482 U.S. at 393, 107 S.Ct. at 2430. This corollary to the well-pleaded complaint rule applies when "the Court has concluded that the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state com-mon-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (citing *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). To date, the United States Supreme Court has held that only the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 *et seq.,* and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* "'completely preempt' certain state causes of action." *Goepel v. Nat'l Postal Mail Handlers Union,* 36 F.3d at 311.

■ The Court of Appeals for the Third Circuit has limited the application of the "complete preemption" doctrine to situations where: (1) "the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls." *Goepel,* 36 F.3d at 311 (citing *Franchise Tax Board,* 463 U.S. at 24, 103 S.Ct. at 2854); and (2) there is "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Id.* (citing *Metropolitan Life,* 481 U.S. at 64, 107 S.Ct. at 1546). Thus, the "doctrine of complete preemption applies only when [these] two circumstances are present." *Id.* (citing *Allstate Ins. Co. v. The 65 Security Plan,* 879 F.2d 90, 93 (3d Cir.1989). In other words, only state claims that are "really" federal claims are removable to federal court. *Id.* at 311–312 (citing *Franchise Tax Board,* 463 U.S. at 13, 103 S.Ct. at 2848).

■ The only two district courts that have addressed the precise "OSHA" removal issue currently before this Court have both found that removal was improper and have remanded the cases to state court. In *Pitchford v. Aladdin Steel, Inc.,* 828 F.Supp. 610 (S.D.Ill.1993), the plaintiff initially filed his complaint in Illinois state court alleging, *inter alia,* that "he was discharged for participating in efforts to unionize defendant's employees, and for reporting certain violations of the Occupational Safety and Health Act to the Department of Labor." *Id.* at 611–612. The defendant filed a Notice of Removal based upon the allegations that the plaintiff's claims fell "within the ambit" of §§ 7 and 8 of

the National Labor Relations Act (NLRA), 29 U.S.C. §§ 157, 158," and that the claims "ar[ose] under § 11(c) of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 660(c), which prohibits the termination of an employee for reporting an OSHA violation." *Id.*

In determining whether the "complete preemption" doctrine supported the removal of the action to a federal court, the *Pitchford* court examined whether §§ 7 or 8 of the NLRA, or § 11(c) of OSHA, provided the plaintiff with a private right of action which could have originally been brought in a district court. The court determined that these statutory provisions, including § 11(c) of OSHA, the same statutory provision relied upon by Defendants in this case, did not confer upon the plaintiff a private right of action under federal law, and therefore, the court held that it "lacked subject matter jurisdiction over [the] retaliatory discharge suit[ ] based upon such claims." *Id.* at 613–614. Accordingly, the court remanded the action to state court.

Similarly, in *Lengel v. Fisher–Price, Inc.,* 1991 WL 224417 (W.D.N.Y. October 28, 1991), the court was confronted with the propriety of the defendant's removal of plaintiffs' state law claims which defendant contended "arose under" § 11(c) of OSHA. In concluding that the case was improperly removed to federal court, the court stated that "even if the plaintiffs had intended a suit under [§ 11(c) ], there is a serious question whether they could have brought such an action in this court, as OSHA apparently does not bestow a right of action on private litigants, instead leaving the task of prosecution to the Secretary of Labor." *Id.* at *2. The court further added that:

> This Court is thus faced with the anomalous situation of a defendant having removed a case on the grounds that [it] is

properly subject to this Court's original jurisdiction and then moving to dismiss because the plaintiffs are not authorized to prosecute such an action. If the latter proposition is true, the instant case ought not to have been removed to this Court in the first place. Even if one were to view the Complaint as a federal claim under [§ 11(c) ]—which this Court does not—, that subsection only vests district courts with original jurisdiction in suits brought by the Secretary of Labor—and this case was not so instituted. The Complaint is premised entirely on state law, is not subject to the original jurisdiction of this Court, was therefore improperly removed, and will be remanded to the New York State Supreme Court.

*Id.* at *2.

In this case, the Court is confronted with the same circumstances presented to the District Courts in *Pitchford* and *Lengel.* Defendants contend that this action was properly removed to this Court, pursuant to the "complete preemption" doctrine. Defendants claim that the preemptive scope of OSHA is "sufficiently broad to preempt all state occupational health and safety laws, including those laws which merely supplement, without expressly contradicting, the federal scheme." (Defendants' Brief in Response to the Court's April 11, 1996 Letter Regarding Jurisdiction over Plaintiff's Claims ("Defendants' Jurisdictional Brief") at 5).[4]

Whether Plaintiff's state law claims are, in fact, preempted by OSHA, is a different inquiry, however, from whether the "complete preemption" doctrine should be applied to confer subject matter jurisdiction upon this Court. The doctrine of "complete preemption" is a distinct concept from ordinary preemption: "The fact that a defendant might ultimately prove that a plaintiff's claims are

---

4. Defendants also raise this argument in support of their motion for summary judgment filed in this Court on March 20, 1996, returnable June 7, 1996. If this Court were to conclude that the removal of this case to federal court was proper because OSHA "completely preempted" Plaintiff's state law claims, the Court would be placed in the unusual position of having to decide whether Plaintiff's state law claims are "preempted" by OSHA. As noted in *Railway*

*Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co.,* 858 F.2d 936 at 942 (3d Cir.1988), however, "[s]tate courts are competent to determine whether state law has been preempted by federal law[.]" In holding that Section 11(c) of OSHA does not "completely preempt" Plaintiff's state law claims, this Court expresses no opinion on whether OSHA "preempts" Plaintiff's claims. *See Goepel,* 36 F.3d at 316.

preempted does not establish that they are removable to federal court." *Caterpillar Inc. v. Williams,* 482 U.S. at 398, 107 S.Ct. at 2432.

Simply put, "complete preemption" provides the entrance to the federal courthouse, while ordinary preemption may provide the exit. Therefore, the Defendants must show more than that Plaintiff's claims are preempted by OSHA, they must show that § 11(c) of OSHA "completely preempts" Plaintiff's claims. In other words, Defendants must show that "the statute relied upon by the defendant as preemptive contains civil enforcement provisions within the scope of which the plaintiff's state claim falls," as well as "a clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Goepel,* 36 F.3d at 311 (citations omitted).

As a threshold matter, the Defendants cannot establish the first prong of the doctrine of "complete preemption"—that "the statute relied upon by the defendant as preemptive contains civil enforcement provisions *within the scope of which the plaintiff's state claim falls." Goepel v. Nat'l Postal Mail Handlers Union,* 36 F.3d at 311 (emphasis added). Although OSHA does contain a civil enforcement provision, Plaintiff's claim does not fall within its scope, since Section 11(c)(2) provides that such enforcement actions may be brought in this Court only by the Secretary of Labor, and not by the Plaintiff. *See* 29 U.S.C. § 660(c)(2).

Although "a court will not allow a plaintiff to deny a defendant a federal forum when the plaintiff's complaint contains a federal claim 'artfully pled' as a state law claim[,]" *Id.* at 310 n. 5 (citing *United Jersey Banks v. Parell,* 783 F.2d 360, 367 (3d Cir.), *cert. denied,* 476 U.S. 1170, 106 S.Ct. 2892, 90

L.Ed.2d 979 (1986)), Plaintiff's claims, like those in *Pitchford* and *Lengel,* cannot be recharacterized as a federal claim under section 11(c) of OSHA since Plaintiff is not authorized· by the statute to assert such a claim in this Court.

It is clear "from the Supreme Court case law that the doctrine·of complete preemption operates in a very narrow area." In fact, "it has never been applied in a situation where there was no federal cause of action comparable to the state cause of action asserted by the plaintiff." [5] *Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R. Co.,* 858 F.2d 936, 942 (3d Cir.1988).[6]

With these principles in mind, since Section 11(c) of OSHA cannot "completely preempt" Plaintiff's state law claims because it does not provide the Plaintiff with a comparable federal cause of action which Plaintiff could have originally prosecuted in this Court, I find that Plaintiff's claims do not "arise under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C. § 1331. Therefore, this Court lacks subject matter jurisdiction over this case.

Accordingly, removal of this case to this Court was improper and the case is remanded to the Superior Court of New Jersey, Law Division, Somerset County, pursuant to 28 U.S.C. § 1447(c). The Court will enter an appropriate order.

### ORDER

This matter having come before the Court, on the Court's own motion to determine the propriety of Defendants' removal of this action to this Court, Francis X. Dee, Esq., of Carpenter, Bennett & Morrissey, appearing on behalf of Defendants, and James P.A.

---

**5.** Compare § 502(a) of ERISA and § 301 of the LMRA, both of which provide a plaintiff with a private right of action in a federal district court, and have been held to completely preempt certain state laws, *see Metropolitan Life,* 481 U.S. 58, 107 S.Ct. 1542 and *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), respectively, with § 11(c) of OSHA, which does not provide a plaintiff with a private right of action in a federal district court.

**6.** Since this Court has determined that Plaintiff's state law claims do not fall within the scope of the civil enforcement provisions of OSHA, the Court need not address the second prong of the doctrine of "complete preemption"—whether there is a "clear indication of a Congressional intention to permit removal despite the plaintiff's exclusive reliance on state law." *Railway Labor,* 858 F.2d at 942.

Cavanaugh, Esq., appearing on behalf of Plaintiff; and,

The Court having requested additional briefs from the parties addressing "whether this matter was properly removed to this Court, and if not, whether it should be remanded to the state court[;]" and,

Having considered the written submissions of the parties, including Defendants' Brief in Response to the Court's April 11, 1996 Letter Regarding Jurisdiction over Plaintiff's Claims, and Plaintiff's Memorandum of Points and Authority in Support of Motion to Remand;

For the reasons set forth in the Court's Opinion filed herewith;

IT IS HEREBY ORDERED on this 25th day of April, 1996, that this action is remanded to the Superior Court of New Jersey, Law Division, Somerset County.